WINFORD DALLAS JONES,

    Plaintiff

v.

Loretta M. D'Souza, Personal Representative of the ESTATE OF KRISTINA MAE ARCISZEWSKI, deceased,

SERVE:    Commissioner
    Division of Motor Vehicles
    2300 West Broad Street
    Richmond, Virginia 23220

and

AKJ ENTERPRISES, INC., d/b/a
Unlimited Express

SERVE:    Secretary
    State Corporation Commission
    Tyler Building
    1300 East Main Street
    Richmond, VA 23219,

and

ELSON BOLAR

SERVE:    Secretary of the Commonwealth
    830 East Main Street, 14th Floor
    Richmond, VA 23219

and

DIONNIE BOLAR

SERVE:    Secretary of the Commonwealth

**COMPLAINT**

Civil Action No. 7:06-CV-00547

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 11 2006
JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 11 2006

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

7:06-CV-00547

```
                830 East Main Street, 14th Floor    :
                Richmond, VA 23219                  :
                                                    :
and                                                 :
                                                    :
C. H. ROBINSON WORLDWIDE, INC.; and                 :
C. H. ROBINSON COMPANY; and                         :
C. H. ROBINSON COMPANY INC.; and                    :
C. H. ROBINSON COMPANY LP; and                      :
C. H. ROBINSON INTERNATIONAL,                       :
INC.; and C. H. ROBINSON OPERATING                  :
COMPANY LP; and C. H. ROBINSON                      :
TRANSPORTATION COMPANY INC.                         :
                                                    :
        SERVE:  C. T. Corporation System            :
                4701 Cox Road, Suite 301            :
                Glen Allen, VA  23060               :
                                                    :
and                                                 :
                                                    :
                Secretary                           :
                State Corporation Commission        :
                Tyler Building                      :
                1300 East Main Street               :
                Richmond, VA 23219,                 :
                                                    :
Defendants.                                         :
_____:
```

**COMES NOW** plaintiff, Winford Dallas Jones, by counsel, and moves for judgment against defendants, Loretta M. D'Souza, Personal Representative of the Estate of Kristina Mae Arciszewski, deceased, (hereinafter "Arciszewski"); AKJ Enterprises, Inc., d/b/a Unlimited Express (hereinafter "AKJ"); Elson Bolar; Dionnie Bolar (sometimes hereinafter "the Bolars"); and C. H. Robinson Worldwide, Inc., C. H. Robinson Company; C. H. Robinson Company Inc.; C. H. Robinson Company LP; C. H. Robinson International, Inc.; C. H. Robinson Operating Company LP; and C. H. Robinson Transportation Company Inc. (hereinafter collectively referred to as

"Robinson"), and each of them, jointly and severally, on the grounds and in the amount as hereinafter recited.

## COUNT I
## NEGLIGENCE
## (All Defendants)

1. Upon information and belief, defendant, Loretta M. D'Souza, is an individual domiciled in the State of Florida and the personal representative of the Estate of Kristina Mae Arciszewski. Kristina Mae Arciszewski was at all time relevant hereto employed as a driver of a commercial motor vehicle by defendant AKJ and was directed by her employer to transport a certain load in interstate commerce subject to separate contract carrier agreements and/or broker agreements and/or lease agreements between defendants AKJ and Robinson.

2. Defendant, AKJ Enterprises, Inc., d/b/a Unlimited Express, is a corporation organized and existing under the laws of the State of Georgia, and was an interstate motor carrier licensed to operate as such pursuant to federal law under regulation of the Department of Transportation at all times material hereto, and at all times material hereto was doing business as Unlimited Express.

3. Upon information and belief, defendants Elson Bolar and Dionnie Bolar are residents of the State of Georgia and are the sole officers and shareholders of AKJ Enterprises, Inc.

4. Defendants C. H. Robinson Worldwide, Inc., C. H. Robinson Company; C. H. Robinson Company Inc.; C. H. Robinson Company LP; C. H. Robinson International, Inc.; C. H. Robinson Operating Company LP; and C. H. Robinson Transportation Company Inc., are foreign corporations or entities with their principal places of business

located at 8100 Mitchell Road, Eden Prairie, Minnesota 55344, and with one or more such entities having offices located in Norfolk, Virginia; Richmond, Virginia; and Roanoke, Virginia.

5. Plaintiff, Winford Dallas Jones, is a resident of the State of West Virginia.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between plaintiff and defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a) because the accident giving rise to multiple claims occurred in Wythe County, Virginia, which lies within this Court's judicial district and division.

8. At all times relevant hereto, defendant Arciszewski was the agent, servant and/or employee of defendants AKJ and Robinson, and was acting within the scope of her employment at the time of this accident and in furtherance of each such defendant's respective business interests.

9. It was the duty of AKJ to ensure that its driver operated her motor vehicle in a proper and lawful manner, free of negligence, with reasonable care for plaintiff's life and safety, and with due regard for all the circumstances then and there existing.

10. It was the duty of Robinson to ensure that any carrier and/or driver for that carrier operated their motor vehicle in a proper and lawful manner, free of negligence, with reasonable care for plaintiff's life and safety, and with due regard for all the circumstances then and there existing.

11. Defendant Arciszewski was directed by AKJ and Robinson to transport and deliver a load of cable reels manufactured by Coleman Cable Inc. from its facility in

Hayesville, North Carolina, to its facility in East Longmeadow, Massachusetts, as was dictated through an amended contract carrier agreement and/or broker agreement between defendants AKJ and Robinson. Under this amended agreement, defendants AKJ and Robinson controlled, managed and/or supervised the manner, method and/or procedure that this load was to be transported, including, but not limited to, the time the shipment was to be picked up and delivered, the route to be taken, payment restrictions, and extensive driver instructions.

12. As defendant Arciszewski was then and there operating AKJ's tractor-trailer, having been retained by defendant Robinson for the purpose of transporting cable, it became and was her duty to operate the same in a proper and lawful manner, free of negligence, with reasonable care for plaintiff's life and safety, and with due regard for all the circumstances then and there existing.

13. On or about the 12th day of September 2004 at approximately 8:15 p.m., plaintiff was lawfully operating a 2004 Freightliner tractor-trailer on Interstate 81 South, approximately 1.5 miles north of Route 619, all within Wythe County and the Commonwealth of Virginia.

14. At the time and place aforesaid, defendant Arciszewski was operating a 1997 Freightliner tractor-trailer on Interstate 81 North and was hauling a load for defendant Robinson.

15. As defendant Arciszewski was then and there operating AKJ's tractor-trailer, it became and was her duty to operate the same in a proper and lawful manner, free of negligence, with reasonable care for plaintiff's life and safety, and with due regard for all the circumstances then and there existing.

16. Notwithstanding said duties, defendants Arciszewski, AKJ, and Robinson, and each of them, jointly and severally, did carelessly, recklessly, negligently, and unlawfully operate their said tractor-trailer by losing control of said vehicle, running off the left side of said highway and crossing the median, thereby striking head-on plaintiff's tractor-trailer, and causing a violent collision between the two vehicles.

17. Defendants, Arciszewski, AKJ, and Robinson, were negligent in that they, and each of them, jointly and severally, among other things, did:

    a. fail to keep their vehicle under proper control;

    b. fail to maintain a proper lookout and to avail themselves of what a proper lookout disclosed, or should have disclosed, in the exercise of reasonable care;

    c. fail to operate their vehicle at a lawful and reasonable rate of speed under the circumstances then and there existing;

    d. fail to operate their vehicle in accordance with the "rules of the road" and the statutes of the Commonwealth of Virginia;

    e. fail to keep their vehicle properly equipped with adequate brakes, steering and/or other required safety equipment and/or to make reasonable and appropriate use of said equipment; and/or to maintain such equipment in proper working condition;

    f. fail to use due care and caution to be aware of the conditions of the highway and other vehicles around them at the time and place in issue;

    g. otherwise operate their vehicle in such a negligent, careless, reckless and unlawful manner as to seriously endanger the life, limb and safety of plaintiff, Winford Dallas Jones.

18. By reason of the foregoing, and as a direct and proximate result of the negligence and carelessness on the part of defendants Arciszewski, AKJ, and Robinson, and each of them jointly and severally, plaintiff was forcibly thrown in and about his vehicle, causing him to sustain severe, painful, and permanent injuries and damages, including, but not limited to:

a. severe, excruciatingly painful and permanently disabling injuries to his head, neck, and back, and to his upper and lower extremities, as well as multiple contusions and abrasions and physical harm to other portions of his body, all of which have caused him grievous pain and suffering, great inconvenience, embarrassment, humiliation, disfigurement, deformity, and other bodily dysfunctions, both in the past and for his reasonably expected future life, as well;

b. severe psychological injuries and much mental anguish, which he can be reasonably expected to have to endure for the remainder of his life;

c. hospital and medical care and treatment, including multiple surgeries and in-patient rehabilitation treatment, as well as medication therapy and physical therapy, which he will have to continue with in the future, all at great expenditure of funds, financial hardship, much inconvenience, and further pain and suffering in the days and years ahead;

d. substantial monetary loss and other financial impairment because those injuries to his mind and body inflicted by this wreck did render him unable to earn a livelihood, and they have otherwise so diminished his capacity to be gainfully employed as to cause him irreparable economic damages, both in the past, and as may now be reasonably expected in the future, as well;

e. he has been forced to curtail and/or restrict his physical, recreational and social activities and pursuits because of his physical and mental injuries arising from this collision; and because of these adverse limitations, he has not only had to alter his lifestyle, but his enjoyment of life and those around him has been substantially diminished, of which he has been further damaged; and

f. he has otherwise been permanently injured, wounded, disabled, and damaged because of defendants' negligence, joint and several, as aforesaid.

19. Upon information and belief, and as evidenced by recently concluded Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Georgia, in which it was determined that such bankruptcy estate had no distributable assets, defendant AKJ is and was merely an alter ego for the Bolars, who allowed AKJ to be underfunded and undercapitalized and otherwise failed to maintain the formalities and distinctions of AKJ as a separate entity, such that adherence to any separateness of this entity would work an injustice to plaintiff.

20. Upon information and belief, Elson Bolar and Dionnie Bolar controlled or used AKJ to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage and otherwise operated the business in a manner such that a unity of interest and ownership was created between each and both of them and AKJ.

21. Defendants Elson and Dionnie Bolar, under the procedure known as "piercing the corporate veil," are each and both individually and personally liable for any and all of plaintiff's damages attributable to defendant AKJ.

## COUNT II
## NEGLIGENT HIRING AND SUPERVISION

## (AKJ)

22. Plaintiff realleges and repleads all of the allegations set forth in paragraphs 1 through 21 of Count I with the same force and effect as though they were more fully and specifically set forth again in detail.

23. It was the duty of AKJ to exercise ordinary care not to hire or retain an employee that AKJ knew or should have known posed a risk of harm to others where it is reasonably foreseeable that Arciszewski's inexperience and other tendencies could cause the type of harm sustained by plaintiff.

24. Upon information and belief, defendant AKJ was aware that Arciszewski was an inexperienced driver who had never undertaken employment as a driver of a commercial vehicle without the supervision of a trainer or supervisor, and that her only trainer on the trip in question would be her boyfriend and/or co-driver, who had a suspended or revoked commercial driver's license.

25. As a result of defendant AKJ's negligence in hiring, retaining, and/or supervising defendant Arciszewski as a commercial driver, plaintiff Jones was severely injured as previously alleged.

26. For the reasons previously set forth herein, defendants Elson Bolar and Dionnie Bolar, under the procedure known as "piercing the corporate veil," are each and both individually and personally liable for any and all of plaintiff's damages attributable to defendant AKJ.

## COUNT III
## NEGLIGENT HIRING AND SUPERVISION
## (ROBINSON)

27. Plaintiff realleges and repleads all of the allegations set forth in paragraphs 1 through 21 of Count I and paragraphs 22 through 26 of Count II with the same force and effect as though they were more fully and specifically set forth again in detail.

28. Defendant Robinson hired, by and through a contract carrier agreement and/or broker agreement and/or lease agreement, defendant AKJ to transport freight on its behalf. Defendant AKJ was hired, and agreements were subsequently generated. Defendant Robinson, a sophisticated motor carrier broker and/or freight forwarding company, was aware, or should have been aware that defendant AKJ had limited experience as a motor carrier of property in interstate commerce, had been assigned a conditional or unsatisfactory safety rating by the Federal Motor Carrier Safety Administration ("FMCSA"), was impaired financially, and was otherwise unsuited and unfit to operate safely as required by the FMCSRs.

29. Defendant Robinson had a duty to exercise ordinary care not to hire or retain a trucking company that Robinson knew or should have known posed a risk of harm to others and which was otherwise not competent or fit to perform the duties of an interstate commerce carrier. Defendant, a sophisticated motor carrier broker and/or freight forwarding company, knew, or should have known, that defendant AKJ had been assigned a conditional or unsatisfactory safety rating by the FMCSA, and was otherwise unsuited and unfit to operate safely as required by the FMCSRs. Defendant also ignored the fact that defendant AKJ was lacking in experience and bore extensive financial difficulties. A sophisticated motor carrier and/or freight forwarding company, such as defendant, would have known and should not have ignored such facts and indications of AKJ's unfitness for the duties of an interstate commercial carrier.

30. Defendant Robinson knew, or should have known, that defendant AKJ, by and through its agent, servant and/or employee, Arciszewski, would be likely to confront and be in contact with members of the public. Plaintiff Jones was a member of the public who would foreseeably come into contact with defendant Arciszewski. Therefore, defendant Robinson owed such a duty to plaintiff Jones, and such a duty was breached.

31. Because defendant AKJ had limited experience as a motor carrier of property in interstate commerce, had been assigned a conditional or unsatisfactory safety rating by the FMCSA, was impaired financially, and was otherwise unsuited and unfit to operate safely as required by FMCSRs, the likelihood of a major accident with a member of the public was foreseeable. Defendant Robinson, a sophisticated motor carrier broker and/or freight forwarding company, knew, or should have known, that defendant AKJ was not competent or fit to perform the duties of an interstate commercial carrier. Defendant Robinson breached its duty to use reasonable care to select a trucking company that was competent and fit for the position.

32. In addition, upon information and belief, defendant Robinson entered into an agreement with shipper Coleman Cable Inc. wherein defendant Robinson represented and warranted, expressly and/or implicitly, that it would hire competent drivers and trucking companies which possessed a satisfactory safety rating by the FMCSA.

33. Defendant Robinson failed to satisfy its agreement and hired an incompetent and unsafe trucking company.

34. Plaintiff Jones is an implied third-party beneficiary to the agreement between defendant Robinson and shipper Coleman Cable Inc., as he is a member of the

public who would foreseeably benefit from defendant Robinson's agreement to select a trucking company which was competent and fit to perform the duties of an interstate motor carrier and that had the capacity to perform such duties safely.

35. As a result of defendant Robinson's negligence in hiring, retaining, and/or supervising defendant AKJ in the position of an interstate commerce carrier, plaintiff Jones was severely injured as previously alleged.

## COUNT IV
## NEGLIGENT ENTRUSTMENT
## (AKJ)

36. Plaintiff realleges and repleads all of the allegations set forth in paragraphs 1 through 21 of Count I, paragraphs 22 through 26 of Count II, and paragraphs 27 through 35 of Count III of this Complaint with the same force and effect as though they were more fully and specifically set forth again in detail.

37. At the time of the accident defendant AKJ permitted defendant Arciszewski to operate its vehicle when it knew, or should have known, that she was a negligent and dangerous driver and likely to cause injuries to others lawfully using the roadways as a result of several factors, including, but not limited to, inexperience as a commercial driver and operating its vehicle in a fatigued condition.

38. Defendant AKJ was negligent when it permitted the vehicle to be driven by an employee when it knew or should have known that the driver of the vehicle would not follow FMCSRs and, therefore, the driver would drive the vehicle when she was in no mental or physical condition to do so.

39. The occurrence and resulting injuries, damages and losses were caused solely by the negligence of defendant AKJ without any negligence on the part of plaintiff Jones contributing in any way thereto.

40. For the reasons previously set forth herein, defendants Elson and Dionnie Bolar, under the procedure known as "piercing the corporate veil," are each and both individually and personally liable for any and all of plaintiff's damages attributable to defendant AKJ.

## COUNT V
## NEGLIGENT ENTRUSTMENT
## (ROBINSON)

41. Plaintiff realleges and repleads all of the allegations set forth in paragraphs 1 through 21 of Count I, paragraphs 22 through 26 of Count II, paragraphs 27 through 35 of Count III, and paragraphs 36 through 40 of Count IV of this Complaint with the same force and effect as though they were more fully and specifically set forth again in detail.

42. Defendant Robinson, acting as a licensed broker for its own financial gain, negligently entrusted to defendant AKJ, an authorized motor common carrier of property, their direction for AKJ to transport a load of cable reels manufactured by Coleman Cable Inc. from its facility in Hayesville, North Carolina, to its facility in East Longmeadow, Massachusetts, when Robinson knew or should have known, that AKJ had limited experience as a motor carrier of property in interstate commerce, had been assigned a conditional or unsatisfactory safety rating by the FMCSA, was impaired financially, and was otherwise unfit to operate safety as required by FMCSRs.

43. Defendant Robinson was negligent in exercising its discretion as a licensed property broker in arranging for transportation by an unfit and unsafe motor carrier.

44. The occurrence and the resulting injuries, damages and losses were caused solely by the negligence of defendant Robinson without any negligence on the part of plaintiff Jones contributing in any way thereto.

## COUNT VI
## DAMAGES CAUSED BY VIOLATIONS OF THE MOTOR CARRIER ACT

45. Plaintiff realleges and repleads all of the allegations set forth in paragraphs 1 through 21 of Count I, paragraphs 22 through 26 of Count II, paragraphs 27 through 35 of Count III, paragraphs 36 through 40 of Count IV, and paragraphs 41 through 44 of Count V of this Complaint with the same force and effect as though they were more fully and specifically set forth again in detail.

46. Pursuant to 49 U.S.C. §14101(a), an interstate motor carrier, broker and/or freight forwarder providing transportation or services subject to the Federal Motor Carrier Act is liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker and/or freight forwarder in violation of such federal rules and regulations.

47. The Federal Motor Carrier Act, under 49 U.S.C. §14101(a), mandates that a motor carrier, "shall provide safe and adequate service, equipment, and facilities."

48. Defendant Robinson hired, by and through a contract carrier agreement and/or broker agreement and/or lease agreement, defendant AKJ to transport freight on its behalf.

49. Defendant Robinson, a knowledgeable and sophisticated motor carrier broker and/or freight forwarding company, knew, or should have known, that defendant AKJ had limited experience as a motor carrier of property in interstate commerce, had been assigned a conditional or unsatisfactory safety rating by the FMCSA, was impaired financially, and was otherwise unsuited and unfit to operate safely as required by the FMCSRs and was, therefore, unable to provide safe and adequate service, equipment and facilities, as mandated under 49 U.S.C. § 14101(a).

50. As such, pursuant to 49 U.S.C. §14704(a)(2), defendant Robinson, in providing transportation services by and through a contract carrier agreement and/or broker agreement and/or lease agreement with defendant AKJ, violated 49 U.S.C. §14101(a) by failing to provide safe and adequate service, equipment and facilities is liable for any and all injuries to plaintiff Jones, as a matter of law.

## COUNT VII
## DAMAGES CAUSED BY VIOLATIONS OF FEDERAL MOTOR CARRIER SAFETY RULES

51. Plaintiff realleges and repleads all of the allegations set forth in paragraphs 1 through 21 of Count I, paragraphs 22 through 26 of Count II, paragraphs 27 through 35 of Count III, paragraphs 36 through 40 of Count IV, paragraphs 41 through 43 of Count V, and paragraphs 45 through 50 of Count VI of this Complaint with the same force and effect as though they were more fully and specifically set forth again in detail.

52. Pursuant to 49 C.F.R. §390.13, no person shall aid, abet, encourage, or require a motor carrier or its employees to violate FMCSRs.

53. Defendant Robinson aided, abetted, encouraged and/or required defendant AKJ, by and through their agent, servant and/or employee, defendant

Arciszewski to drive in excess of the number of hours permitted for a motor carrier, in violation of 49 C.F.R. §395.3, and allowed defendant Arciszewski to operate a commercial motor vehicle in an impaired and/or fatigued condition, in violation of 49 C.F.R. §392.3.

54. Due to defendant's violation of the FMCSRs, plaintiff Jones was severely injured as previously alleged.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

**WHEREFORE**, plaintiff, Winford Dallas Jones, moves this Honorable Court for judgment, jointly and severally, against the defendants Loretta M. D'Souza, Personal Representative of the Estate of Kristina Mae Arciszewski, deceased, AKJ Enterprises, Inc. d/b/a Unlimited Express; Elson Bolar; Dionnie Bolar; and C. H. Robinson Worldwide, Inc., C. H. Robinson Company; C. H. Robinson Company Inc.; C. H. Robinson Company LP; C. H. Robinson International, Inc.; C. H. Robinson Operating Company LP; and C. H. Robinson Transportation Company Inc., and each of them, jointly and severally, in the sum of FIVE MILLION, FIVE HUNDRED THOUSAND DOLLARS ($5,500,000.00), together with his costs and reasonable attorney's fees in this behalf expended, and interest from the date on which this cause of action arose.

Respectfully submitted,

WINFORD DALLAS JONES

By /s/ [signature]
Of Counsel

Gary C. Hancock, VSB #16704
Timothy E. Kirtner, VSB #36938
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
65 East Main Street
P. O. Box 878
Pulaski, VA 24301
540/980-1360 (telephone)
540/980-5264 (facsimile)

Byron R. Shankman
P. O. Box 1859
Dublin, VA 24084


Counsel for plaintiff