# Exhibit B

# IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

**THERESA LATIMORE,**
    Plaintiff,

vs.

**WILLIE J. CARTER, JR.;**
**W.C. TRUCKING, INC.;**
**C.H. ROBINSON CO.;** and
**ZURICH AMERICAN INSURANCE CO.,**
    Defendants.

CIVIL ACTION NO. 04-A-27871-2

## ORDER AND JUDGMENT

### I. FACTS AND PROCEDURAL HISTORY

The above-styled case came before this Court on its January 16, 2007 Civil Motions Calendar, for consideration of Defendants C.H. Robinson Co. ("CHR") and Zurich American Insurance Company's ("Zurich") Motion for Summary Judgment. In their Motion, CHR and Zurich (collectively, "Defendants") contend that they are entitled to summary judgment because Plaintiff cannot establish any set of facts which would make Defendants liable for the alleged negligence of Defendant Carter and Defendant W.C. Trucking, Inc. ("WCT"). In support of their Motion, Defendants submitted the Second Affidavit of Bruce W. Johnson, and the depositions of Robert Bade, Bruce Johnson, and John Strange. In response, Plaintiff contends that there are material issues of fact remaining which preclude summary judgment.

The basic facts of this case are not in dispute. In May 2000, CHR and WCT signed a Master Transportation Contract ("Agreement"). Second Bruce W. Johnson Affidavit, ¶ 4, Exhibit "A." Under that Agreement, WCT "retain[ed] the services of [CHR] as [WCT's] agent for the solicitation and dispatch of freight



available for transportation by motor vehicle, with the authority to act on [WCT's] behalf for the sole purposes for securing freight and accepting from [CHR's] Customers payment for transportation." Id., Exhibit "A" at 3. From time to time, CHR would offer freight carriage assignments to WCT, who would have sole discretion to accept or reject any such offer. Id. As part of the Agreement, WCT expressly represented and warranted that it would use only competent and properly licensed drivers who were fully informed of their responsibilities for the protection and care of the freight. Id., Exhibit "A" at 4. Importantly, the Agreement expressly stated that WCT was an independent contractor and that none of WCT's employees was an employee of CHR. Id., Exhibit "A" at 5. WCT also explicitly agreed to maintain adequate worker's compensation coverage and liability insurance as required by the U.S. Department of Transportation, including valid operating authority from the Federal Motor Safety Carrier Administration (FMCSA) and adequate insurance for cargo liability ($25,000.00) and automobile liability ($750,000.00). Id., ¶ 10; Johnson Depo. at 9. Finally, the Agreement explicitly stated that WCT would be "the party solely responsible for operating the equipment necessary to transport commodities under this Contract" and that WCT would indemnify CHR and its customers for any loss or damage due to the negligence or incompetence of WCT or its agents or employees. Second Johnson Affidavit, ¶ 5, Exhibit "A" at 6.

On December 4, 2002, WCT was carrying a load for Slim Fast Foods, one of CHR's shippers/customers, originating in Olive Grove, Mississippi. CHR contracted with WCT for the transportation of that load. On that date, Defendant Carter made a delivery on behalf of WCT at the warehouse where Plaintiff was working. Plaintiff was using a forklift to move cargo from the back of Carter's tractor-trailer to a loading dock, when Carter started to move the truck away from the dock. The forklift fell on its side, injuring Plaintiff's left leg and causing

2

permanent impairment. Neither Carter nor WCT had valid insurance at the time of the accident.

In her original Complaint, Plaintiff contended that CHR was responsible for the negligence of Carter and WCT under agency principles. Plaintiff also alleged that CHR was acting as a carrier of goods, that CHR had held itself out to the public as a carrier of goods, and that CHR had actively engaged in the shipment of goods. CHR answered by claiming that it acted merely as a broker, making arrangements between WCT and shippers for the transport of freight. Plaintiff named Zurich as a defendant in this action in its capacity as CHR's liability insurer.[1]



Neither Carter nor WCT filed answers to the Complaint, and this Court entered default judgment against them on June 21, 2005 and August 1, 2005, respectively. On February 6, 2006, Plaintiff filed her First Amended Complaint, in which she added claims of negligent hiring and retention and apparent agency against Defendant CHR. Specifically, Plaintiff contends that CHR was negligent in hiring and retaining Carter because CHR knew or should have known that Carter was an unsafe driver. Plaintiff's Amended Complaint, ¶¶ 4-6. Claiming that CHR held itself out to the public as a common carrier and held out WCT as its agent, Plaintiff also alleges that CHR is liable for the negligence of Carter and WCT under a theory of apparent agency. Id., ¶¶ 7-9. Although the Court initially stayed this case pending the outcome of bankruptcy proceedings initiated by Carter and WCT, the stay ended automatically when Carter was discharged from bankruptcy on February 27, 2006.

In their Motion, Defendants contend that CHR is not liable under the doctrine of respondeat superior because Carter and WCT were independent contractors,

---

[1] Under O.C.G.A. § 46-7-12(c), a plaintiff who alleges certain types of claims against a motor common carrier may join the carrier and its insurer as parties in the same action.

3

rather than employees, of CHR. Furthermore, Defendants allege that there was no actual or apparent agency, because there is no evidence that CHR held itself out as WCT's principal, that WCT held itself out as CHR's agent, that Plaintiff justifiably relied on any such alleged representation, or that Plaintiff was injured as a result of any such reliance. Defendants also claim that Plaintiff cannot establish agency merely through declarations by the alleged agent. See, e.g., <u>McManus v. Turner</u>, 266 Ga. App. 5 (2004). Finally, Defendants assert that, because Zurich was named as a defendant in this suit only in its capacity as the insurer of a motor common carrier under O.C.G.A. § 46-7-12(c), Zurich would be entitled to summary judgment.



In contrast, Plaintiff contends that CHR is a carrier, rather than a broker. Plaintiff also alleges that WCT and Carter were statutory employees of CHR under 49 U.S.C. § 13102(2), because CHR agreed in its contract with a shipper to be responsible *to the shipper* as would an interstate motor common carrier under 49 U.S.C. § 14706. See Plaintiff's Brief in Opposition to Defendants' Motion, Exhibit "F." Plaintiff states that CHR is subject to an exception to the general no-liability rule regarding independent contractors because (1) the wrongful act was in violation of a statutory duty, (2) the wrongful act was in violation of an express contractual duty, and (3) the employer retained or assumed the right to direct or control the time and manner of WTC's actions. See O.C.G.A. § 51-2-5 (2006). In this regard, Plaintiff asserts that CHR had a statutory duty as a motor carrier under 49 C.F.R. § 373.101 and 49 C.F.R. § 373.103, which require issuance of certain bills related to shipments. Plaintiff also argues that public policy demands that the Court disregard the law regarding nonliability for the actions of independent contractors. In support of her apparent agency claim, Plaintiff seeks to rely on an unanswered request for admission served on Carter to establish that Carter was the agent of CHR. Finally, Plaintiff does not dispute that her right to recover from

4

Zurich depends on whether she is entitled to recover from CHR or that she would have no claim against Zurich if the Court were to grant summary judgment in favor of CHR.

## II. SUMMARY JUDGMENT STANDARD

Georgia law provides that summary judgment is appropriate when the court, viewing all the facts and all reasonable inferences therefrom in the light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to any essential element of the case. Groutas v. McCoy, 219 Ga. App. 252 (1995); O.C.G.A. § 9-11-56 (2006). Any doubts as to the existence of a genuine issue of material fact must be resolved against the movant. Speed v. Muhanna, 274 Ga. App. 899 (2005). A party moving for summary judgment must show that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a genuine jury issue on at least one essential element of the plaintiff's case.  Palermo v. Winn-Dixie Atlanta, Inc., 221 Ga. App. 532 (1996). If the moving party satisfies its burden, the non-moving party may not rely on its pleadings, but rather must point to specific evidence giving rise to a triable issue. Lau's Corp. v. Haskins, 261 Ga. 491 (1991). To obtain summary judgment, a defendant need not produce any evidence, but rather need only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. Johnson v. Amer. Nat'l Red Cross, 253 Ga. App. 587 (2002), citing Lau's Corp., supra, at 491.

## III. DEFENDANTS' ALLEGED LIABILITY UNDER RESPONDEAT SUPERIOR PRINCIPLES

The primary issue before the Court on Defendants' Motion for Summary Judgment is whether Carter and WCT were employees of CHR or independent contractors. It is an undisputed principle of Georgia law that an employer generally is not legally responsible for the torts of an independent contractor. O.C.G.A. § 51-

5

2-4 (2006); U.S. v. Aretz, 248 Ga. 19 (1981); Bowman v. C. L. McCord Land & Pulpwood Dealer, Inc., 174 Ga. App. 914 (1985). Additionally, Georgia law is clear that an employer is not subject to suit for negligent hiring of an independent contractor. Mason v. Gracey, 189 Ga. App. 150 (1988); Finley v. Lehman, 218 Ga. App. 789 (1995).



The test to determine whether a particular person or entity was an employee or an independent contractor is whether the employer has the right to control the time and manner of executing the work to be done, as opposed to merely the right to require performance of the work. Williams v. Ga. Dep't of Corrections, 224 Ga. App. 571 (1997). In making this determination, "the key is to determine whether the contractor is truly independent or whether he is simply the employer's alter ego." Perry v. Soil Remediation, Inc., 221 Ga. App. 386, 387 (1996). As long as the contractor is allowed to perform the work by his own method and manner, the fact that the employer retains the right to require results in conformity with the contract between the parties does not make the employer liable for the contractor's acts. Martin v. Johnson-Lemon, 271 Ga. 120 (1999); Forte v. Lewis, 241 Ga. 109 (1978). Furthermore, merely alleging the facts required to establish an agency, without presenting sufficient proof in support thereof, is not sufficient for a plaintiff to survive a defendant's motion for summary judgment. See Johnson v. Amer. Nat'l Red Cross, 253 Ga. App. 587 (2002); Lau's Corp. v. Haskins, 261 Ga. 491 (1991). Indeed, a defendant's "denial of the existence of an agency relationship may constitute an uncontradicted fact which will sustain a motion for summary judgment." McDaniel v. Peterborough Cablevision, Ltd., 206 Ga. App. 437, 439 (1992). In such instance, the party opposing summary judgment may not rest on its pleadings, but rather must present specific facts revealing a genuine issue for trial. Dennis v. Malt, 196 Ga. App. 263, 266 (1990). "Exhibiting the mere

6

possibility of a control situation falls short of the specific facts required." McDaniel, 206 Ga. App. at 439.

In the instant case, the evidence before the Court shows that CHR did not control the time, manner, or means by which WCT performed under the contract with CHR, and that Carter was not an agent or employee of CHR at the time of the accident at issue. *See* Second Johnson Affidavit, ¶¶ 5-6. CHR did not control WCT's routes, pay for WCT's operating expenses, withhold income tax from payments made to Carter, or pay for worker's compensation coverage of Carter or WCT. Id., Exhibit "A" at 4-5. To the extent that one of CHR's shippers may have designated CHR as a carrier on bills of lading or similar documents, this was done without the consent of CHR and did not represent the true relationship between shipper, carrier, and CHR as broker. Id., ¶¶ 8-9. WCT was required to list CHR as a certificate holder on WCT's liability insurance, and CHR did not receive any notice of cancellation of insurance for WCT before the subject incident. Johnson Depo. at 14-15.

For purposes of whether Carter was an independent contractor, this case is analogous to Perry v. Soil Remediation, Inc., 221 Ga. App. 386 (1996), which also involved the hiring of independent truck drivers. In Perry, the evidence showed that the defendant paid various independent truckers to make deliveries from time to time. The defendant paid each driver by the job, based on time and mileage, and the driver owned or leased his own equipment and was required to carry his own worker's compensation and liability insurance. The defendant did not control the defendant's routes in making shipments, and the driver was free to work for other employers. The Court of Appeals found that in those circumstances, the driver "clearly functioned independently" of the defendant company, and, thus, was an independent contractor rather than an employee. Id. at 387. In the instant case, as in Perry, CHR contracted with numerous carriers and drivers for

7

transportation of cargo. WCT was free to accept or deny any particular assignment, and CHR did not control the routes taken by WCT's drivers. When CHR offered a job and WCT accepted the assignment, WCT's driver was paid by the job. WCT supplied its own equipment and was required by the parties' Agreement to carry its own worker's compensation and liability insurance. Moreover, CHR was not actually the party for whom WCT was carrying cargo; CHR was merely a broker of transportation services which facilitated a relationship between various shippers and WCT as carrier. Thus, it is apparent that WCT and Carter were "truly independent," and not merely CHR's "alter ego." Perry, 221 Ga. App. at 387. It follows that CHR is not responsible in tort for any negligent acts of WCT or Carter, nor may Plaintiff recover from CHR for any alleged negligent hiring of WCT or Carter.

## IV. DEFENDANTS' ALLEGED LIABILITY FOR CARTER AND WCT'S NEGLIGENCE UNDER O.C.G.A. § 51-2-5



In her response to Defendants' Motion, Plaintiff raised for the first time the argument that Defendants were liable to Plaintiff under O.C.G.A. § 51-2-5(3) and (4).[2] Specifically, Plaintiff now contends that Defendants are liable for the negligent acts of Carter and WCT because Defendants violated an express contractual duty and/or a statutory duty. Pretermitting for these purposes whether Plaintiff's Amended Complaint was sufficient to put Defendants on notice of these claims, the evidence before the Court does not support a claim under O.C.G.A. § 51-2-5(3) or (4).

Georgia law provides that an employer is liable for a contractor's negligence where: (1) the work "is wrongful in itself" or constitutes a nuisance when performed

---

[2] Plaintiff also argued that Defendants retained or assumed the right to control Carter and WCT's actions. Because any liability under O.C.G.A. § 51-2-5(5) would arise under the same circumstances which would give rise to common-law respondeat superior liability, however, the Court will not address that issue separately here. See Section IV, infra.

8

in the ordinary manner; (2) the employer knew that the work was inherently dangerous; (3) the wrongful act violates a duty imposed on the employer by express contract; (4) the wrongful act violates a statutory duty; (5) the employer retains the right to control the time and manner of executing the work or later assumes control in such fashion and the injury is traceable to the employer's interference; or (6) the employer ratifies the contractor's unauthorized wrong. O.C.G.A. § 51-2-5 (2006).[3]



Plaintiff argues that pursuant to O.C.G.A. § 51-2-5, CHR is liable for the negligent acts of Carter and WCT, because CHR violated express provisions of its contract with one or more of its *shippers*. Plaintiff's Brief in Opposition to Defendants' Motion, at 13. The Georgia Court of Appeals recently addressed this very issue in the case of Kidd v. Dentsply Int'l, Inc., 278 Ga. App. 346 (2006). In Kidd, the Court of Appeals specifically stated that under O.C.G.A. § 51-2-5(3), "the contractual duties under which the employer would be liable for the acts of the independent contractor cannot be enforced by one not a party to the contract." Kidd, 278 Ga. App. at 350. Because Plaintiff is not a party to the contract, she cannot impute liability to CHR; therefore, Plaintiff's arguments based on O.C.G.A. § 51-2-5(3) must fail as a matter of law.

Even assuming, *arguendo*, that Plaintiff could avail herself of this provision, Plaintiff's claim still would fail because she has cited no express contractual provision that would create liability on the part of CHR. Indeed, Georgia law is clear that in order to find an employer liable for the acts of a contractor pursuant to O.C.G.A. § 51-2-5(3), a plaintiff must show an express obligation under the contract. Toys 'R' Us, Inc. v. Atlanta Economic Dev. Corp., 195 Ga. App. 195

---

[3] Plaintiff does not allege that the work to be performed by Carter and WCT was wrongful in itself, constituted a nuisance when performed in the ordinary manner, or was inherently dangerous, or that Defendants ratified any unauthorized wrong by Carter or WCT. See O.C.G.A. § 51-2-5(1), (2), (6) (2006).

9

(1990). In this case, Plaintiff relies primarily on the provision of the contract between CHR and a shipper which states that "CHR will assume all of the liability of an interstate motor common carrier as defined in 49 U.S.C. Section 14706." Plaintiff's Brief in Opposition to Defendants' Motion, at 8-9. That section, however, does not provide a cause of action for personal injuries, but rather permits a civil action against a *carrier* for damage to property suffered as a result of the carrier's failure to comply with certain requirements regarding receipts and bills of lading. See 49 U.S.C. § 14706(d).



Plaintiff also seeks to rely on O.C.G.A. § 51-2-5(4), in conjunction with various parts of Title 49, Subtitle IV of the U.S. Code, to establish a duty of the Defendants to Plaintiff. Importantly, federal law provides that a "motor carrier" is a person who provides commercial motor vehicle transportation for compensation, while a "broker" is a person, other than a motor carrier or an agent or employee thereof, who as principal or agent sells, offers for sale, negotiates for, or holds itself out as selling, providing, or arranging for transportation by motor carrier for compensation. 49 U.S.C. § 13102(2), (14). In the instant case, the evidence shows that CHR is a broker of shipping services, rather than a shipper or carrier. Strange Depo. at 16. CHR does not, and did not at the time of the accident, own any trucks or directly hire drivers. Id. at 16. For any shipment brokered through CHR, the individual shipper, rather than CHR, generates any applicable freight bill or bill of lading. Bade Depo. at 17. CHR simply obtains information from shippers about loads to be shipped, conveys this information to appropriate carriers, and transmits money from the shipper to the carrier. Id. at 10. Thus, based on the facts of this case, CHR clearly was a "broker" rather than a "motor carrier" for purposes of any action permitted by Title 49, Subtitle IV; therefore, most of the federal provisions cited by Plaintiff do not apply. Plaintiff also has not provided any authority to support her claim that 49 U.S.C. § 14704(a)(2), which clearly is

10

regulatory in nature, creates a private cause of action. Finally, Plaintiff cannot successfully establish liability of the Defendants under O.C.G.A. § 51-2-5(4) because Plaintiff has not shown that any specific negligent act committed by Carter or WCT was, in itself, violative of a duty imposed by statute. To the contrary, Plaintiff merely alleges that CHR violated various federal regulatory requirements. Even assuming that Plaintiff's allegations in this regard are true, this would not fit the requirements of O.C.G.A. § 51-2-5(4), especially in light of the fact that there is no evidence that Plaintiff was a member of the class of persons the federal statutes were intended to protect or that the harm complained of was the harm the statutes were intended to guard against. See Brazier v. Phoenix Group Mgmt., 280 Ga. App. 67, 70 (2006); Hubbard v. DOT, 256 Ga. App. 342, 350 (2002). For these reasons, O.C.G.A. § 51-2-5(4) does not provide a vehicle through which Plaintiff can hold CHR responsible for the actions of Carter or WCT.



## V. DEFENDANTS' ALLEGED LIABILITY UNDER APPARENT AGENCY PRINCIPLES

Similarly, there is no evidence to support Plaintiff's claim of apparent agency. To recover on a theory of apparent agency, a plaintiff must prove the following three elements: (1) that the alleged principal held out another as its agent; (2) that the plaintiff justifiably relied on the alleged agent's skill or care, based on the alleged principal's representation; and (3) that the justifiable reliance led to injury to plaintiff. BP Exploration & Oil, Inc. v. Jones, 252 Ga. App. 824, 826 (2001); Butkus v. Putting Greens Int'l Corp., 222 Ga. App. 661, 663 (1996). Even if the plaintiff can establish that a person held himself out to the plaintiff as the agent of another, this does not support a claim of apparent agency unless the plaintiff also shows that the alleged principal held out the other party as its agent. Coldwell Banker Real Estate Corp. v. DeGraft-Hanson, 266 Ga. App. 23 (2004). In the instant case, Plaintiff cannot satisfy the three prongs of the apparent agency test.

11

Even assuming that Carter held himself out CHR's agent, which is dubious inasmuch as it is based on *Carter's* deemed admission, Plaintiff has not presented any evidence that CHR represented *to Plaintiff* that Carter or WCT was CHR's agent. Furthermore, even if Plaintiff could establish that either CHR, WCT, or Carter made any representation of agency to Plaintiff, there is no evidence whatsoever that Plaintiff relied on any such representation in any fashion, or that her injuries were the proximate result of any such reliance. Consequently, CHR is entitled to summary judgment on Plaintiff's apparent agency claim.

## VI. CONCLUSION

Based on the foregoing, and after reviewing the facts of the case, the applicable law, and all other matters properly before the Court, the Court finds that Defendant CHR is entitled to summary judgment as to all of Plaintiff's claims. Furthermore, because Plaintiff has conceded that her claims against Defendant Zurich are dependent on the success of her claims against CHR, Plaintiff's claims against Zurich also fail. Consequently, Defendants C.H. Robinson Co. and Zurich American Insurance Company's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED, ADJUDGED, AND DECREED**, this 21st day of February, 2007.

_____
HON. J. ANTONIO DELCAMPO
STATE COURT OF DEKALB COUNTY

cc: Jonathan P. Sexton, Esq., Attorney for Plaintiff
    John G. Walrath, Esq., Attorney for Defendants Carter and W.C. Trucking, Inc.
    James J. Brissette, Esq., Attorney for Defendants C.H. Robinson Co. and Zurich American Insurance Co.
    Clerk's File

FILED IN THIS OFFICE
THIS 22nd DAY OF Feb 2007
Clerk, State Court, Dekalb County