UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **WINFORD DALLAS JONES,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| v. | : Civil Action No. 7:06-CV-00547 |
| | : |
| **LORETTA M. D'SOUZA, Personal** | : |
| **Representative of the ESTATE OF** | : |
| **KRISTINA MAE ARCISZEWSKI,** | : |
| **deceased, et al.,** | : |
| | : |
| **Defendants.** | : |

## PLAINTIFF'S INITIAL DISCLOSURES

THIS DAY comes plaintiff, Winford Dallas Jones, by counsel, pursuant to Federal Rule of Civil Procedure No. 26, and submits the following disclosures to defendants Robinson:

1. The name, address, and telephone number of each individual likely to have discoverable information that plaintiff may use to support his claims, unless solely for impeachment, and the subject of that information:

a. Winford Dallas Jones, 1483 Glennwood Park Road, Princeton, West Virginia 24740; 304/425-2833. Winford Dallas Jones has knowledge of the circumstances of this collision, his pre-collision and post-collision health history, and how

this collision and his resulting injuries have adversely impacted his lifestyle and his earnings potential.

   b.   Francine Jones, 1483 Glennwood Park Road, Princeton, West Virginia 24740; 304/425-2833. Francine Jones is plaintiff's wife, and has knowledge of plaintiff's pre-collision and post-collision health history, and how this collision and plaintiff's resulting injuries have adversely affected his lifestyle and his earnings potential.

   c.   Winford Dallas Jones, Sr., 1483 Glennwood Park Road, Princeton, West Virginia 24740; 304-425-8510. Winford Dallas Jones, Sr., is plaintiff's father, and has knowledge of plaintiff's pre-collision and post-collision health history, and how this collision and plaintiff's resulting injuries have adversely affected his lifestyle and earnings potential.

   d.   Thomas E. Shuler, M.D., Carilion Orthopedic Surgery, 2017 South Jefferson Street, Roanoke, Virginia 24014; 540/981-7406. Dr. Shuler is an orthopedic surgeon who treated plaintiff's serious orthopedic injuries, both during and after plaintiff's hospitalization at Carilion Roanoke Memorial Hospital, following the subject motor vehicle collision. Dr. Shuler has knowledge of the nature and extent of plaintiff's injuries; his care and treatment of those injuries; the nature and extent of any permanent residuals and/or impairments which plaintiff now has because of those injuries; the costs associated with plaintiff's medical care; and the need for any future medical care and treatment and the costs associated therewith.

e. Carl R. Shelton, M.D., Medical Rehabilitation Associates, 155 Springhaven Drive, Princeton, West Virginia 24740; 304/431-3010. Dr. Shelton is a rehabilitation specialist who provided and continues to provide care and treatment to plaintiff, both as an inpatient at HealthSouth (Southern Hills Rehabilitation Hospital) and as an outpatient. Dr. Shelton has knowledge of the nature and extent of plaintiff's injuries; his care and treatment of those injuries; the nature and extent of any permanent residuals and/or impairments which plaintiff now has because of those injuries; the costs associated with plaintiff's medical care; and the need for any future medical care and treatment and the costs associated therewith.

f. Charles E. Shamro, M.A., M.S., C.B.T., Medical Rehabilitation Associates, 155 Springhaven Drive, Princeton, West Virginia 24740; 304/431-3010. Mr. Shamro is a licensed psychologist who provided and continues to provide psychological counseling to plaintiff because of a single episode acute depressive condition and acute stress reaction to the motor vehicle collision and plaintiff's resulting injuries. Mr. Shamro has knowledge of the nature and extent of plaintiff's psychological injuries; his care and treatment of those injuries; the nature and extent of any permanent residuals and/or impairments which plaintiff now has because of those injuries; the costs associated with plaintiff's psychological care and treatment; and the need for any future psychological care and treatment and the costs associated therewith.

g. Virginia State Trooper B. E. Keene, Department of State Police, Wytheville Division, P. O. Box 537, Wytheville, Virginia 24382; 276/228-3131. Trooper B. E.

Keene investigated the subject motor vehicle collision and has knowledge of how the collision occurred; the location of the motor vehicles at the time of his arrival on the scene; and the condition of plaintiff at the time. We also understand that Trooper Keene and/or one of his associates took photographs of the collision scene and the vehicles involved.

      h.      Billy Downs, 170 CR 7301, Booneville, Mississippi 38829; 662/416-1684. Mr. Downs was a witness to the subject motor vehicle collision.

      i.      Rick Peele, 6 Wallingford Road, Greenville, South Carolina 29609; 864/616-4732. Mr. Peele was a witness to the subject motor vehicle collision.

      j.      Glenn Rokicka, 515 South Maple Street, Vinton, Virginia 24179; 540/793-4932. Mr. Rokicka was a witness to the subject motor vehicle collision.

      k.      Susan Cannedy, 300 Harvey Street, Radford, Virginia 24141; 540/639-9140. Ms. Cannedy was a witness to the subject motor vehicle collision.

      l.      Senior Virginia State Trooper K. S. Clark, Department of State Police, Wytheville Division, P. O. Box 537, Wytheville, Virginia 24382; 276/228-3131. . Trooper Clark led the Crash Team in its reconstruction of the subject motor vehicle collision.

      m.      Virginia State Trooper A. W. Peery, Department of State Police, Wytheville Division, P. O. Box 537, Wytheville, Virginia 24382; 276/228-3131. Trooper Peery assisted Senior Trooper K. S. Clark in the reconstruction of the subject motor vehicle collision.

n. Sergeant C. L. Mumpower, Virginia State Police, Department of State Police, Wytheville Division, P. O. Box 537, Wytheville, Virginia 24382; 276/228-3131. Sergeant Mumpower assisted Senior Trooper K. S. Clark in the reconstruction of the subject motor vehicle collision.

o. Virginia State Trooper J. L. Testerman, Department of State Police, Wytheville Division, P. O. Box 537, Wytheville, Virginia 24382; 276/228-3131. Trooper Testerman took photographs in connection with the accident reconstruction analysis performed by the Virginia State Police.

p. Charles Kevin Morris, 6722 Osceola Drive, Mt. Dora, Florida. Mr. Morris was a passenger in the motor vehicle being operated by defendant Arcizewski, and has knowledge regarding the circumstances of the subject collision.

q. Dionnie Bolar and/or Elson Bolar, 8163 Masters Court, Jonesboro, Georgia 30326. Dionnie and Elson Bolar are the owners and/or operators of AKJ Enterprises, Inc. d/b/a Unlimited Express ("AKJ") and would be familiar with the actual process that was involved in booking Load #21422065; AKJ's past history of hauling loads for C. H. Robinson, the past practices of C. H. Robinson in assigning loads to AKJ; the actual information concerning AKJ and/or its hiring or other business or safety practices or ratings disclosed to, or made available to, C. H. Robinson; and various factors that would tend to indicate that AKJ was an unfit or unsafe motor carrier. There may be other individuals employed by AKJ at or prior to the time of the subject collision who may have additional information.

r. Mike Atkinson, C. H. Robinson Chicago, P. O. Box 3474, Chicago, Illinois 60654. Mr. Atkinson was the sales representative for C. H. Robinson who appears to have booked Load #21422065 and would presumably have details on C. H. Robinson's policies or procedures for booking loads as of the time of the subject collision; what specific steps or actions he took in booking the load at issue; what specific information he had knowledge of or access to concerning AKJ prior to contacting that company about Load #21422065; what specific information he requested and received from AKJ in relation to booking the load; and details concerning the tracking or supervision of Load #21422065 by C. H. Robinson after the subject trip commenced. There may also be other individuals employed by C. H. Robinson who may have additional information.

2. A copy of, or description by category and location of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support his claims, unless solely for impeachment:

a. Plaintiff's medical records, some of which plaintiff has copies of, and others, which are in the possession of plaintiff's various treating physicians.

b. Medical expenses and/or bills incurred by plaintiff as a result of the subject motor vehicle collision and plaintiff's resulting injuries.

c. Plaintiff's employment records, income tax returns, and other documentation regarding plaintiff's wage loss, both past and future.

d. The accident report prepared by the investigating trooper.

e. Various photographs taken by the investigating trooper and which depict the scene of the collision and the condition of the motor vehicles involved following the collision.

f. A copy of the newspaper article prepared by the *Southwest Times* following this motor vehicle collision.

g. A copy of the Virginia State Police Crash Team Report prepared in connection with the reconstruction analysis performed.

h. Any and/or all documents received from the Robinson defendants in response to plaintiff's Request for Production of Documents.

i. Any and/or all documents formally or informally obtained during the discovery phase of *Canal Ins. Co. v. AKJ Enterprises, Inc., et al*, Civil Action No. 7:05-cv-00312, including but not limited to (i) applications for employment with AKJ Enterprises, Inc. d/b/a Unlimited Express completed by Charles Kevin Morris and Kristina Mae Arciszewski; (ii) employment contracts between AKJ Enterprises, Inc. d/b/a Unlimited Express and each of Charles Kevin Morris and Kristina Mae Arciszewski; (iii) C. H. Robinson Carrier Load Confirmation Sheet for Load #21422065; (iv) drivers' logs completed by Charles Kevin Morris and/or Kristina Mae Arciszewski in respect of the trip to deliver Load #21422065; and (v) assorted documents relating to AKJ Enterprises' insurance policy with Canal Insurance Company.

j. Any and/or all additional documents obtained through plaintiff's independent investigation subsequent to this initial disclosure (which will be

supplemented in accordance with the Federal Rules of Civil Procedure and Pretrial Scheduling Order).

  3. A computation of any category of damages claimed:

  a. <u>Medical expenses</u>:  At this time, plaintiff has incurred over $192,304.23 in medical expenses.  Since he remains under the care of his treating physicians, this figure will increase, and he expects to incur future medical expenses.

  b. <u>Lost wages</u>:  Plaintiff has been unable to return to work since the date of the collision.  As a result, he has considerable lost income and fringe benefits, both past and future.  Additional information regarding the numbers associated with these losses will be provided in conjunction with the report of plaintiff's economist and plaintiff's disclosure of expert witnesses.  Plaintiff's lost wages through August of 2006 were included in the report of Dr. Larry Lynch, which is attached to plaintiff's expert disclosures.  This calculation will be updated prior to trial.

  c. <u>Lost benefits</u>:  Please see b. above.

  d. <u>Travel expenses</u>:  To date, plaintiff has incurred approximately $1,000.00 in travel expenses, and this figure will increase since plaintiff remains under the care of his treating physicians.

  e. <u>Other compensatory damages</u>:  For pain and suffering and for permanent impairment of function and disability, and for such other damages permitted by applicable law.

Respectfully submitted,

**WINFORD DALLAS JONES**

<u>  s/            Gary C. Hancock          </u>
                Of Counsel

Gary C. Hancock, VSB #16704
Timothy E. Kirtner, VSB #36938
Ann L. Bishop, VSB #43847
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
P. O. Box 878, 65 East Main Street
Pulaski, VA  24301
540/980-1360 (telephone)
540/980-5264 (facsimile)

Byron R. Shankman, VSB #13485
P. O. Box 1859
Dublin, VA  24084

Counsel for Plaintiff, Winford Dallas Jones

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 21st day of June 2007 electronically filed the foregoing Plaintiff's Initial Disclosures using the CM/ECF system which will send notification of such filing to Paul C. Kuhnel, Esquire, Wooten Hart PLC, P.O. Box 12247, Roanoke, Virginia 24024-2247, Counsel for C.H. Robinson Worldwide, Inc.; C. H. Robinson Company; C. H. Robinson Company Inc.; C. H. Robinson Company LP; C. H.

Robinson International, Inc.; C. H. Robinson Operating Company LP; and C. H. Robinson

Transportation Company Inc.

                                            s/     Gary C. Hancock
Gary C. Hancock
Gilmer, Sadler, Ingram, Sutherland & Hutton
P. O. Box 878, 65 East Main Street
Pulaski, VA 24301
540/980-1360 (telephone)
540/980-5264 (facsimile)
ghancock@gsish.com