CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 1 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WINFORD DALLAS JONES, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:06CV00547 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| LORETTA M. D'SOUZA, | ) By: Hon. Glen E. Conrad |
| Personal Representative of the | ) United States District Judge |
| ESTATE OF KRISTINA MAE | ) |
| ARCISZEWSKI, deceased, et al., | ) |
| | ) |
| Defendants. | ) |

This personal injury action arose from a serious accident involving two tractor-trailers that occurred on the night of September 12, 2004, in Wythe County. One tractor-trailer was driven by the plaintiff, Winford Dallas Jones, and the other was driven by Kristina Mae Arciszewski, who died in the accident. The plaintiff alleges that the court has diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332. In his complaint, he asserts state common law claims for negligence, negligent hiring and supervision, and negligent entrustment, and federal claims under the Motor Carrier Act and the Federal Motor Carrier Safety Regulations. The case is presently before the court on the motion to dismiss filed by defendants C.H. Robinson Worldwide, Inc., C.H. Robinson Company, C.H. Robinson Company Inc., C.H. Robinson Company LP, C.H. Robinson International, Inc., C.H. Robinson Operating Company LP, and C.H. Robinson Transportation Company Inc. (collectively referred to as "Robinson"). For the following reasons, Robinson's motion will be granted in part and denied in part.

## Background

The following facts, which are taken from the plaintiff's complaint, are accepted as true for purposes of Robinson's motion to dismiss. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-218 (4th Cir. 1994).

On September 12, 2004, at approximately 8:15 p.m., the plaintiff was operating a 2004 Freightliner tractor-trailer on Interstate 81 South in Wythe County. At the same time, Arciszewski was operating a 1997 Freightliner tractor-trailer on Interstate 81 North. As the two drivers approached one another, Arciszewski lost control of her tractor-trailer, abruptly crossed the median, and struck the plaintiff's tractor-trailer head-on, causing a violent collision between the two vehicles. Arciszewski died on the scene and the plaintiff suffered serious injuries.

The plaintiff alleges that at the time of the accident, Arciszewski was transporting a load of cable reels manufactured by Coleman Cable Inc., pursuant to a contract carrier and/or broker agreement between defendants AKJ Enterprises, Inc., d/b/a Unlimited Express ("AKJ"), and Robinson. The plaintiff further alleges that Arciszewski was the employee of both AKJ and Robinson, and that she was acting in furtherance of their business interests at the time of the accident.

The plaintiff filed this action against the defendants on September 11, 2006. In Count I, the plaintiff asserts a claim for negligence against Robinson, based upon a theory of vicarious liability. In Count III, the plaintiff alleges that Robinson negligently hired and supervised AKJ. In Count V, the plaintiff asserts a claim for negligent entrustment against Robinson. Finally, in Counts VI and VII, the plaintiff alleges that Robinson violated the Motor Carrier Act and the Federal Motor Carrier Safety Regulations.

2

**Discussion**

Robinson has moved to dismiss the plaintiff's claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint"; such motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (internal citations omitted). When reviewing a claim pursuant to Rule 12(b)(6), the court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id. at 244.

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-1965 (2007). Instead, assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id.

I. **Negligence Claim**

As previously stated, the plaintiff first asserts that Robinson is subject to vicarious liability for the alleged negligence of Arciszewski and AKJ. To support this claim, the plaintiff alleges as follows:

> At all times relevant hereto, defendant Arciszewski was the agent, servant and/or employee of defendants AKJ and Robinson, and was acting within the scope of her employment at the time of this accident and in furtherance of each such defendant's respective business interests.

3

> It was the duty of AKJ to ensure that its driver operated her motor vehicle in a proper and lawful manner, free of negligence, with reasonable care for plaintiff's life and safety, and with due regard for all the circumstances then and there existing.
>
> It was the duty of Robinson to ensure that any carrier and/or driver for that carrier operated their motor vehicle in a proper and lawful manner, free of negligence, with reasonable care for plaintiff's life and safety, and with due regard for all the circumstances then and there existing.
>
> Defendant Arciszewski was directed by AKJ and Robinson to transport and deliver a load of cable reels manufactured by Coleman Cable Inc. from its facility in Hayesville, North Carolina, to its facility in East Longmeadow, Massachusetts, as was dictated through an amended contract carrier agreement and/or broker agreement between defendants AKJ and Robinson. Under this amended agreement, defendants AKJ and Robinson, controlled, managed and/or supervised the manner, method and/or procedure that this load was to be transported, including, but not limited to, the time the shipment was to be picked up and delivered, the route to be taken, payment restrictions, and extensive driver instructions.
>
> As defendant Arciszewski was then and there operating AKJ's tractor-trailer, having been retained by defendant Robinson for the purpose of transporting cable, it became and was her duty to operate the same in a proper and lawful manner, free of negligence, with reasonable care for plaintiff's life and safety, and with due regard for all the circumstances then and there existing.

(Compl. at ¶ 8-12).

In moving to dismiss this claim, Robinson argues that it cannot be held vicariously liable for the negligence of Arciszewski or AKJ, because AKJ was an independent contractor and it had no control over Arciszewski or any other AKJ employee. To support this argument, Robinson submitted a copy of a contract carrier agreement, signed by Robinson and AKJ, as an exhibit to its reply brief. The agreement states, in relevant part, as follows:

4

### INDEPENDENT CONTRACTOR

> The Parties understand and agree that the relationship of Carrier to Robinson hereunder is solely that of an independent contractor, and that Carrier shall and does employ, retain, or lease on its own behalf all persons operating motor vehicles transporting commodities under this Contract, and such persons are not employees or agents of Robinson or its Customers. It is further understood and agreed that all drivers of motor vehicles and persons employed in connection with the transportation of commodities under this Contract are subject to the direction, control and supervision of Carrier, and not of Robinson or its Customers. Carrier represents and agrees that such employees are and will at all times be covered by adequate workmen's compensation insurance as provided by law.

(Carrier Ag. at § 6.) Robinson also cites Schramm v. Foster, 341 F. Supp. 2d 536 (D. Md. 2003), a decision rendered by the United States District Court for the District of Maryland in a similar action filed against Robinson. In Schramm, the Court granted summary judgment to Robinson on the plaintiff's claim of negligence/respondeat superior, based, in part, on an agreement containing the above referenced independent contractor provision. Specifically, the court held that both the written agreement and the conduct of the parties established that the individual truck driver was not an agent of Robinson. Schramm, 341 F. Supp. 2d at 543-544.

In response, the plaintiff argues that the court should not consider the exhibit submitted by Robinson without converting Robinson's motion to dismiss to a motion for summary judgment, and permitting the parties to engage in discovery. The plaintiff argues that although he refers to an agreement in his complaint, he has not seen the actual agreement and cannot concede to the exhibit's authenticity. In any event, the plaintiff further argues that the liability of an entity under a theory of vicarious liability is determined on the basis of the actual relationship and dealings between an entity and its agents, and that such liability is not determined solely upon

the terms used by the parties to describe the nature of their relationship.[1]  See West v. Costen, 558 F. Supp. 564, 573 n.2 (W.D. Va. 1983) ("Although the employment agreement between MSF and the individual collectors refers to the latter as 'independent contractors,' the key consideration in determining the existence of a master-servant relationship is the alleged master's power of control of the alleged servant's actions.").

Having reviewed the parties' arguments and the relevant case law, the court agrees with the plaintiff that his negligence claim against Robinson, based upon a theory of vicarious liability, is sufficient to survive Robinson's motion to dismiss.  Because the plaintiff disputes the authenticity of the agreement submitted as an exhibit with Robinson's reply brief, the court declines to consider the agreement in ruling on Robinson's motion to dismiss.  See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) ("We note that although the stockholders failed to attach that article to their complaint (LCI attached it to its motion to dismiss), a court may consider it in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity."). Relying on the plaintiff's allegations regarding the terms of the contract carrier and/or broker agreement between AKJ and Robinson, the court concludes that the plaintiff has alleged sufficient facts, at this stage of the litigation, to establish an agency or employment relationship

---

[1] The Supreme Court of Virginia has identified four factors to be considered in determining whether an individual or entity is an employee or an individual contractor: (1) selection and engagement; (2) payment of compensation; (3) power of dismissal; and (4) power of control.  See Hadeed v. Medic-24, Ltd., 237 Va. 277, 288, 377 S.E.2d 589, 594-95 (Va. 1989).  The fourth factor, power of control, is determinative.  Id.  However, the employer need not actually exercise this control; the test is whether the employer has the power to exercise such control.  McDonald v. Hampton Training Sch. for Nurses, 254 Va. 79, 81, 486 S.E.2d 299, 301 (Va. 1997).

6

Case 7:06-cv-00547-GEC-mfu   Document 39   Filed 09/11/07   Page 6 of 15   Pageid#: 283

between Robinson and AKJ and/or Arciszewski. Accordingly, Robinson's motion to dismiss will be denied with respect to the plaintiff's negligence claim.[2]

## II. Negligent Hiring and Supervision Claim[3]

To the extent the plaintiff asserts a claim for negligent supervision, Robinson correctly argues that such claim must be dismissed, as negligent supervision is not recognized as a cause of action under Virginia law. See Chesapeake and Potomac Telephone v. Dowdy, 235 Va. 55, 60, 365 S.E.2d 751, 754 (Va. 1988) ("In Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here.").

The Supreme Court of Virginia has recognized the tort of negligent hiring. See J... v. Victory Tabernacle Baptist Church, 236 Va. 206, 210, 372 S.E.2d 391, 394 (1988). In contrast to tort liability predicated upon the doctrine of respondeat superior, "the tort of negligent hiring is a doctrine of primary liability; the employer is principally liable for placing an unfit individual in an employment situation that involves an unreasonable risk of harm to others." Interim Personnel of Central Va., Inc. v. Messer, 263 Va. 435, 441, 559 S.E.2d 704, 707 (Va. 2002). As this court previously explained in Huffman v. Wynn, 2006 U.S. Dist. LEXIS 27810, at *8 (W.D. Va. May 10, 2006), the tort of negligent hiring involves an element of knowledge. "Liability ... is based upon an employer's failure to exercise reasonable care in placing an individual with

---

[2] If the agreement submitted by Robinson is, in fact, authentic, and considering the facts alleged by plaintiff in support of the vicarious liability negligence claim, the court entertains substantial doubt as to whether the negligence claim is viable.

[3] In his response to Robinson's motion to dismiss, the plaintiff labels this claim as one for "negligent hiring, retention, or supervision." However, the plaintiff's complaint does not assert a claim for negligent retention.

7

known propensities, or propensities that should have been discovered by reasonable investigation, in an employment position in which, due to the circumstances of the employment, it should have been foreseeable that the hired individual posed a threat of injury to others." Interim Personnel of Central Va., Inc., 263 Va. at 440, 559 S.E.2d at 707.

To support his negligent hiring claim, the plaintiff alleges that Robinson knew or should have known that AKJ had limited experience as a motor carrier; that AKJ had been assigned a conditional or unsatisfactory safety rating by the Federal Motor Carrier Safety Administration; that AKJ was impaired financially; and that AKJ was otherwise incompetent and unfit to operate safely as an interstate commercial carrier. The plaintiff further alleges that the likelihood of a major accident with a member of the public was foreseeable to Robinson.

In moving to dismiss this claim, Robinson argues that it cannot be held liable for negligent hiring, because the contract carrier agreement entered into by Robinson and AKJ expressly provides that AKJ is not Robinson's employee. Robinson further argues that the plaintiff has failed to allege that AKJ or Arciszewski had a prior propensity to cause fatal crashes. Robinson relies on the court's aforementioned decision in Huffman v. Wynn, 2006 U.S. Dist. LEXIS 27810, at *10, in which the plaintiff's negligent hiring claim was dismissed on the basis that the plaintiff "failed to allege any sort of knowledge by Winchester Orthopaedic, prior to hiring Wynn, of the possibility that the defendant would create an unreasonable risk of harm or be unfit for the position."

In response, the plaintiff argues that he has alleged sufficient facts to establish an agency or employment relationship between AKJ and Robinson, and to state a claim for negligent hiring. The plaintiff further argues that even if AKJ was an independent contractor, the Supreme Court

8

of Virginia has previously held that an employer who contracts with an independent contractor can be held liable for selecting and retaining an incompetent independent contractor. See Philip Morris Inc. v. Emerson, 235 Va. 380, 399, 368 S.E.2d 268, 278 (Va. 1988) (holding on the basis of the particular facts and circumstances that Philip Morris was "liable as a matter of law because of its own negligence in selecting and retaining A-Line as an independent contractor").

Having reviewed the parties' arguments and the relevant case law, the court agrees with the plaintiff that he has alleged sufficient facts in support of his negligent hiring claim to withstand a motion to dismiss. Although Robinson argues that the plaintiff's allegations of an employment relationship between AKJ and Robinson are belied by the contract carrier agreement, the court has concluded that this agreement cannot be considered in ruling on Robinson's motion to dismiss. See Phillips v. LCI Int'l, Inc, supra. Additionally, in contrast to Huffman v. Wynn, 2006 U.S. Dist. LEXIS 27810, at *8, in which the plaintiff merely alleged that "Wynn was an employee of Winchester Orthopaedic," and that "Wynn deviated from the standard of care," the court concludes that the plaintiff has alleged sufficient facts to state a negligent hiring claim. As previously noted, the plaintiff alleges that Robinson knew or should have known that AKJ had limited experience as a motor carrier; that AKJ had been assigned a conditional or unsatisfactory safety rating by the Federal Motor Carrier Safety Administration; that AKJ was impaired financially; and that AKJ was otherwise incompetent and unfit to operate safely as an interstate commercial carrier. The plaintiff further alleges that the likelihood of a major accident with a member of the public was foreseeable to Robinson. Such allegations are sufficient to state a viable claim that Robinson had knowledge "of the possibility that [AKJ] would create an unreasonable risk of harm or be unfit for [its] position" as a motor carrier.

9

Huffman, 2006 U.S. Dist. LEXIS 27810, at *10. Accordingly, the court will deny Robinson's motion to dismiss with respect to the plaintiff's negligent hiring claim.[4]

### III. Negligent Entrustment Claim

The plaintiff next asserts a claim for negligent entrustment against Robinson. Specifically, the plaintiff alleges that:

> Defendant Robinson, acting as a licensed broker for its own financial gain, negligently entrusted to defendant AKJ, an authorized motor common carrier of property, their direction for AKJ to transport a load of cable reels manufactured by Coleman Cable Inc. from its facility in East Longmeadow, Massachusetts, when Robinson knew or should have known, that AKJ had limited experience as a motor carrier of property in interstate commerce, had been assigned a conditional or unsatisfactory safety rating by the FMCSA, was impaired financially, and was otherwise unfit to operate safely as required by FMCSRs.
>
> Defendant Robinson was negligent in exercising its discretion as a licensed property broker in arranging for transportation by an unfit and unsafe motor carrier.

(Compl. at ¶ 42, 43.)

In moving to dismiss this claim, Robinson argues that the claim is without merit, because Robinson did not own the tractor-trailer that injured the plaintiff. See Kingrey v. Hill, 245 Va. 76, 78, 425 S.E.2d 798, 799 (Va. 1993) ("Liability under the doctrine of negligent entrustment requires that the *owner of the instrumentality used to inflict injury* knew, or had reasonable cause to know, that he was entrusting the instrumentality to a third person who was likely to use it in a manner that would cause injury to others.") (emphasis added); see also Schramm, 341 F. Supp. 2d at 547 (holding, under Maryland law, that the plaintiff failed to state a claim for negligent

---

[4] The court notes that even if it was conclusively settled that AKJ was an independent contractor, as opposed to an agent or employee of Robinson, the court would permit the plaintiff's negligent hiring claim to go forward at this stage of the litigation. See Philip Morris Inc. v. Emerson, supra.

10

entrustment, since Robinson did not supply the truck driver with the truck involved in the accident).

In response, the plaintiff argues that he has asserted a claim against Robinson for negligent entrustment to AKJ, "not of the tractor-trailer itself, but of the assignment to haul the cargo placed into Defendants' care by the shipper, Coleman Cable, Inc." Thus, the plaintiff emphasizes that this claim is one for negligent entrustment of an activity, rather than an instrumentality, and that such claim is cognizable under § 308 of the Restatement (Second) of Torts.[5] In its reply brief, Robinson argues that neither the Virginia General Assembly nor the Supreme Court of Virginia has recognized a cause of action for negligent entrustment of an activity, and that "this Court should abstain from attempting to second-guess them, in the absence of clear guidance."

As a federal court sitting in diversity, the court has an obligation to apply the jurisprudence of Virginia's highest court, the Supreme Court of Virginia. Private Mortgage Inv. Servs., Inc. v. Hotel and Club Assocs., Inc., 296 F.3d 308, 312 (4th Cir. 2002). In a situation where the Supreme Court of Virginia has spoken neither directly or indirectly on a particular issue, the court is "called upon to predict how that court would rule if presented with the issue." Id. In so predicting, the court may consider, inter alia, restatements of the law, treatises, recent

---

[5] Section 308 of the Restatement (Second) of Torts provides as follows:

> It is negligent to permit a third person to use a thing *or to engage in an activity* which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

(emphasis added).

pronouncements of general rules or policies by the state's highest court, well considered dicta, and the state's trial court decisions. Wells v. Liddy, 186 F.3d 505, 528 (4th Cir. 1999).

In this case, the court concludes that the Supreme Court of Virginia would recognize a cause of action for negligent entrustment of an activity, as set forth in § 308 of the Restatement (Second) of Torts. The Supreme Court of Virginia has adopted the doctrine of negligent entrustment as defined by § 390 of the Restatement (Second) of Torts,[6] see Denby v. Davis, 212 Va. 836, 838, 188 S.E.2d 226, 229 (1972), and the court finds no reason to believe that the Supreme Court of Virginia would not also follow § 308, which provides "a more general definition of negligent entrustment," Am. Guar. & Liab. Ins. Co. v. 1906 Co., 273 F.3d 605, 614, n.5 (5th Cir. 2001). Although the Supreme Court of Virginia has not cited § 308 when discussing negligent entrustment, § 308 has been cited with approval by one of Virginia's Circuit Courts. See Stanley v. Williams, 42 Va. Cir. 400, 401 (Va. Cir. Ct. 1997). Moreover, at least one other jurisdiction has specifically recognized a claim for negligent entrustment of an activity, relying on § 308. See Gaines v. Krawczyk, 354 F. Supp. 2d 573, 579 (W.D. Pa. 2004) (citing Pennsylvania law); see also Philip Morris Inc. v. Emerson, 235 Va. 380 at 401, 368 S.E.2d at 279 (citing case law from another state to support the Court's recognition of the tort of negligent

---

[6] Section 390 of the Restatement (Second) of Torts, "Chattel for Use by Person Known to Be Incompetent," states as follows:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

12

retention of an independent contractor). Accordingly, the court will deny Robinson's motion to dismiss with respect to the plaintiff's claim for negligent entrustment.

IV. **Claims under the Motor Carrier Act and the Federal Motor Carrier Safety Regulations**

In his final claims, the plaintiff alleges that Robinson violated the Motor Carrier Act, 49 U.S.C. §§ 14101, et seq., and the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390, et seq. Specifically, the plaintiff alleges that Robinson failed to provide "safe and adequate service, equipment, and facilities," in violation of 49 U.S.C. § 14101(a), in that Robinson should have known that AKJ was unfit to operate safely. The plaintiff further alleges that Robinson aided and abetted, encouraged, or required Arciszewski to drive an excessive number of hours, in violation of 49 C.F.R. § 390.13, and that Robinson permitted her to operate her truck in an impaired and/or fatigued condition. Consequently, the plaintiff alleges that Robinson is liable for damages under 49 U.S.C. § 14704(a)(2), which provides as follows: "A carrier or broker providing transportation or service subject to jurisdiction under Chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part."[7]

---

[7] Section 14704(a) states in its entirety as follows:

> (a) In general.
>
> (1) Enforcement of order. A person injured because a carrier or broker providing transportation or service subject to jurisdiction under chapter 135 does not obey an order of the Secretary or the Board, as applicable, under this part, except an order for the payment of money, may bring a civil action to enforce that order under this subsection. A person may bring a civil action for injunctive relief for violations of sections 14102 and 14103.
>
> (2) Damages for violations. A carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or

13

The primary question presented by the plaintiff's federal claims is whether § 14704(a)(2) creates a private right of action for individuals who have suffered personal injuries. While, at first glance, the provision appears to confer a private right of action upon any individual who has sustained damages as a result of a broker or carrier's breach of statutory duties, the court agrees with the District of Maryland that the provision is "enigmatic," and that it stands in "stark contrast to the section immediately preceding it," which explicitly authorizes individuals to bring suit for violations of orders of the Secretary of Transportation or the Surface Transportation Board. Schramm, 341 F. Supp. 2d at 547; see also Stewart v. Mitchell Transport, 241 F. Supp. 2d 1216, 1219 (D. Kan. 2002) (holding that § 14704(a)(2) is "ambiguous and inconsistent with other language in the statute"); but see Marrier v. New Penn Motor Express, Inc., 140 F. Supp. 2d 326, 329 (D. Vt. 2001) (holding that "the plain meaning of the statute . . . creates a private right of action for personal injury").

To the extent the inconsistency in § 14704(a)(1) and (a)(2) warrants a review of the statute's legislative history, the legislative history reveals that Congress did not intend to create a private cause of action for personal injuries. Stewart, 241 F. Supp. 2d at 1221. Instead, the statute was enacted to address commercial disputes, and "[t]he legislative history gives no indication that Congress intended to expand the scope of the Motor Carrier Act to cover personal injury claims where there was no such coverage before." Id. Additionally, as the District of Maryland explained in Schramm, the statute's legislative history contains no discussion regarding the impact that the creation of a federal private right of action for personal injuries would have on the federal courts. Schramm, 341 F. Supp. 2d at 547. "Because that impact

---

broker in violation of this part.

14

would be substantial, it is reasonable to infer that Congress did not intend to create such a right of action." Id. Consequently, the court agrees with Robinson that § 14704(a)(2) does not create a private right of action for personal injuries, and the court will grant Robinson's motion to dismiss with respect to the plaintiff's federal claims.

## Conclusion

For the reasons stated, Robinson's motion to dismiss will be granted in part and denied in part. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 11th day of September, 2007.

/s/ G. Conrad
United States District Judge