UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

WINFORD DALLAS JONES, )
)
    Plaintiff, )
)
v. ) Civil Action No. 7:06-CV-00547
)
LORETTA M. D'SOUZA, Personal )
Representative of the )
    ESTATE OF KRISTINA )
MAE ARCISZEWSKI, deceased, et al., )
)
    Defendants. )

### ROBINSON DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW Defendants, C. H. Robinson Worldwide, Inc., C. H. Robinson Company, C. H. Robinson Company, Inc., C. H. Robinson Company LP, C. H. Robinson International Inc., C. H. Robinson International, Inc., C. H. Robinson Operating Company LP and C. H. Robinson Transportation Company, Inc. (collectively "Robinson" or "the Robinson Defendants"), by counsel, and submits the following as their response to Plaintiff's First Request for Production of Documents.

### DOCUMENT REQUESTS

1. Any and all documents that you identified, referenced or referred to in answering any of the interrogatories set forth in Defendant Winford Dallas Jones' First Set of Interrogatories to you.

**RESPONSE:** See attached documents.



EXHIBIT 7

2. A complete copy of any file maintained by your company in respect of AKJ Enterprises, Inc., d/b/a Unlimited Express (hereinafter "AKJ Enterprises, Inc."), or in respect of any other company owned and/or operated by Defendants Dionnie or Elson Bolar.

**RESPONSE:** See Robinson's response to interrogatory no. 5, and documents identified therein. Robinson is unaware of any other companies operated by Dionnie and/or Elson Bolar besides AKJ Enterprises, Inc.

3. Complete copies of any written, printed or electronically or digitally stored policies and/or procedures for investigating, evaluating, and/or selecting motor carriers for your contract carrier program and/or for monitoring your contract carriers for reliability, adequate safety ratings and/or safety evaluation area scores, and compliance with applicable federal rules and regulations on a continuing or periodic basis after acceptance into your contract carrier program, and which were in effect at the time that your company arranged to have AKJ Enterprises, Inc. deliver Load #21422065.

**RESPONSE:** Robinson does not have written policies and procedures regarding this issue, but see attached one-page document that Robinson provides to customers that describes the process.

4. Complete copies of any written, printed or electronically or digitally stored policies and/or procedures for investigating, evaluating and/or selecting motor carriers who are not part of your contract carrier program for occasional

2

contract or otherwise, and which were provided or made available to Mr. Atkinson or the Chicago office between the date that Mr. Atkinson was hired by your company and the date that your company arranged to have AKJ Enterprises, Inc. deliver Load #21422065.

**RESPONSE:** See response to request no. 5, above.


7. Copies of any written or printed job performance evaluations of Mike Atkinson completed between the date of his hire by your company and the date that your company arranged to have AKJ Enterprises, Inc. deliver Load #21422065.

**RESPONSE:** See attached personnel file.


8. A copy of any agreements, addendums, schedules, exhibits or other documents evidencing any long-term or ongoing business relationship between you and AKJ Enterprises, Inc., including but not limited to a copy of any Master Contract Carrier Agreement with AKJ Enterprises, Inc. and/or any addendums thereto.

**RESPONSE:** See Contract Carrier Agreement, and load sheet spreadsheet.

4

WOOTENHART PLC
The Business of Law
Roanoke, VA

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| WINFORD DALLAS JONES, | ) |
| Plaintiff, | ) |
| v. | ) |
| C.H. ROBINSON WORLDWIDE, INC. et al., | ) |
| Defendants/Third Party Plaintiffs. | ) |
| v. | ) Civil Action No. 7:06-CV-00547 |
| AKJ ENTERPRISES, INC., d/b/a Unlimited Express | ) |
| And | ) |
| ELSON BOLAR, | ) |
| And | ) |
| DONNIE BOLAR, | ) |
| Third Party Defendants. | ) |

## DEFENDANT, C. H. ROBINSON'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendants, C. H. Robinson, et al., ("Robinson") by counsel, and submit the following as their response to Plaintiff's Second Request for Production of Documents:

3. Copies of any paper, electronic, or digital file(s) or records in your possession in respect of AKJ which have not previously been produced by you including but not limited to email, voicemail, faxed, electronic, digital or written communications, internal memoranda, or agreements, as well as any files or records maintained by your carrier relations/services department pertaining to AKJ.

**RESPONSE:** Robinson has no further responsive materials beyond those already produced.

4. Copies of any email or text communications to or from Michael Atkinson, or to or from Bruce Johnson, regarding AKJ, Bolar Trucking, and/or the subject accident.

**OBJECTION:** Robinson objects to the request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding carriers other than AKJ Enterprises, Inc., which are not the subject of this litigation.

Without waiving the foregoing objections, Robinson states that it is not aware of any additional responsive materials beyond those already produced.

5. Any and all documentation relating to (i) AKJ's lapse in insurance coverage in 2001; (ii) revocation of AKJ's motor carrier authority by the FMCSA in 2001; and (iii) suspension of AKJ by you in October of 2003 due to a missing load, including but not limited to internal communications, "do not use" lists or notices, reports, notes, memoranda, emails, and/or correspondence within your company, as

3

Without waiving the foregoing objections, Robinson states that it has already provided copies of the Court's Opinion and Order granting summary judgment to Robinson in that case.

20. Copies of any and all memoranda, correspondence, email, notes, studies, reports, or analysis or other documents, including digital and electronic data or information, provided to or generated by you with respect to the prospect of utilizing SafeStat scores between January of 2001 and September of 2004, including but not limited to any and all documents pertaining to any decision not to utilize SafeStat scores and any rationale for such a decision.

**RESPONSE:** Robinson refers the plaintiff to the information contained in its prior interrogatory responses and responses to requests for production of documents. In addition, Robinson is producing a spreadsheet prepared by Bruce Johnson, and referenced in Mr. Johnson's deposition, as part of Robinson's internal consideration of incorporating Safestat scores into Express; a copy of the agenda for a November 2006 meeting between Robinson and officials from the FMCSA; and copies of the business cards given to Mr. Johnson and the other Robinson representatives by the FMCSA personnel that attended. Robinson further refers the plaintiff to the warning screen on the FMCSA website, titled "Caution Urged in the Use of Safestat Data," a printout of which was previously produced.

21. Copies of any and all information concerning AKJ and Bolar Trucking which would have been available to you or your employees via the Express, Bronco, or any other similar system, to be produced in the same form, format, or appearance as would have been viewed by you or your employees, screen by screen.

**OBJECTION**: Robinson objects to the request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence in that it seeks information regarding carriers other than AKJ Enterprises, Inc., which are not the subject of this litigation.

Without waiving the foregoing objections, Robinson states that it has previously produced all responsive material with respect to AKJ Enterprises, Inc.

22. Copies of any and all documents concerning AKJ or Bolar Trucking ever received by you from the Federal Department of Transportation or Federal Motor Carrier Safety Administration, or printed or downloaded by you from one of their websites.

**OBJECTION**: Robinson objects to the request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding carriers other than AKJ Enterprises, Inc., which are not the subject of this litigation.

Without waiving the foregoing objections, Robinson states that it has previously produced all responsive material with respect to AKJ Enterprises, Inc.

23. Copies of any "do not use" motor carrier lists in effect from May of 2003 to October of 2004, as well as any lists from any other period which identify AKJ or Bolar Trucking.

**OBJECTION**: Robinson objects to the request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks information regarding carriers other than AKJ Enterprises, Inc., which are not the subject of this litigation.

Without waiving the foregoing objections, Robinson refers the plaintiff to its response to request no. 5, above, and the attached January 9, 2008, version of Robinson's "do not use" list.

12