# GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.
ATTORNEYS AND COUNSELLORS AT LAW
MIDTOWN PROFESSIONAL OFFICE BUILDING
65 EAST MAIN STREET
POST OFFICE BOX 878
PULASKI, VIRGINIA 24301

TIMOTHY E. KIRTNER
Extension 29
tkirtner@gsish.com

TELEPHONE (540) 980-1360
FACSIMILE NO. (540) 980-5264

March 19, 2008

Paul C. Kuhnel, Esquire
Wooten Hart PLC
P. O. Box 12247
Roanoke, VA 24024-2247
**Via Facsimile: 540/345-6417**

Re: *Jones v. D'Souza, et al.*
Case No. 7:06-cv-00547

Dear Paul:

    Following up on my message left this morning, I am wondering when we can make arrangements to take the telephone depositions of those individuals identified by the acronyms WOODSHA, ROBINSTE, and PORREMI. I believe we have determined through deposition testimony that WOODSHA refers to someone by the name of Shawn Wood, ROBINSTE refers to someone named Steve Robinson, and I don't believe we know to whom PORREMI refers. In any event, all of these individuals spoke with Kevin Morris or Kristina Arciszewski during the hauling of the load that was involved in this accident. I think we have previously provided with you a summary of the specific spreadsheet line items we would be discussing with these three individuals, and I can't imagine that the depositions of all three of these folks could possibly take more than a total of two hours combined.

    As you know, the discovery cutoff is Friday. Our office is actually closed then, and I will be out of town. If possible, I would prefer to see if we could set up these telephone depositions for Thursday, March 20, in the afternoon. We will need to send the spreadsheets to Chicago so that these witnesses would have them available. And, of course, we would need to schedule a court reporter, as well. Please advise as to scheduling of these depositions.

    In another matter pertaining to discovery, when we were in Minneapolis, we were advised by Mr. Bruce Johnson that the T-check information pertaining to AKJ Enterprises was also in the Express system. I don't understand why that information was

**EXHIBIT 8**

excluded from previous document productions. Having gone back through our First and Second Requests for Production, I would note that it would appear to me these documents would have been responsive to Requests 2 and 8 of our First Request for Production of Documents and Requests 3 and 21 in our Second Request for Production of Documents. I also note that we ask for similar information regarding Bolar Trucking Express in Requests 6 and 7 of our Second Request for Production of Documents, and would assume the Judge will take the same view of the T-check information from Bolar Trucking Express as he took with regard to the other spreadsheet data. I assume it is simply a matter of printing that T-check data for the same time period for which the other Express data was printed, and trust we will be able to obtain that information, if not before the discovery cutoff, then certainly before any Summary Judgment motion is filed on Wednesday, March 26.

    Finally, Mike advised me yesterday that he had received the spreadsheet data on Bolar Trucking Express, so I am assuming that information, along with the claims information that Judge Urbanski ordered produced, will also be heading our way in the next couple of days. We still have not seen the Affidavit with regard to the expense of producing the additional e-mails, and so the issue of that production remains lingering.

    I look forward to hearing from you with regard to all of these issues. I may be reached at extension 29.

                                            Sincerely yours,

                                            Timothy E. Kirtner

TEK/bst