IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 5 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| WINFORD DALLAS JONES, | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:06cv00547 |
| | ) | |
| LORETTA M. D'SOUZA, et als., | ) | By: **Michael F. Urbanski** |
| **Defendants.** | ) | **United States Magistrate Judge** |

## ORDER

This matter is before the court on Plaintiff Winford D. Jones' ("Jones") motion to compel discovery and motion for sanctions as well as Defendant C.H. Robinson's ("Robinson") motion for reconsideration. The court heard argument on all motions on April 24, 2008. The motion to compel is hereby **GRANTED** in part and **DENIED** in part. The motion for sanctions is **DENIED** as moot.

The present case involves a collision that occurred between two tractor-trailers on Interstate I-81 on or about September 12, 2004. Jones was driving a tractor-trailer in the southbound lanes of I-81 when a tractor-trailer owned by AKJ Enterprises, Inc., and driven by Kristina Arciszewski ("Arciszewski"), left the northbound lanes, crossed the median and collided head on with Jones' tractor-trailer. Accompanying Arciszewski in her tractor-trailer was Charles Morris ("Morris").

C.H. Robinson is a freight agent which arranges for deliveries to be picked up from customers by a freight carrier. C.H. Robinson works with individual carriers and customers to facilitate freight deliveries, essentially acting as a go between. AKJ Enterprises, Inc. ("AKJ Enterprises") was one of the individual carriers used by C.H. Robinson, as was Bolar Trucking

Express, Inc. ("Bolar") and AKJ Logistics LLC ("AKJ Logistics"). Further, Bolar was a predecessor to AKJ Enterprises which was owned by the same principals who owned AKJ Enterprises, namely Elson and Dionnie Bolar. AKJ Logistics was a successor to AKJ Enterprises and was also owned by Elson and Dionnie Bolar.

By Order entered March 13, 2008, the court directed Robinson to produce any electronic mail ("e-mail") pertaining to any trucking accidents or driver or licensing issues concerning Bolar, AKJ Logistics or AKJ Enterprises or any other entity for which a customer account exists with Robinson and which was owned or operated by Elson and/or Dionnie Bolar during the time period January 1, 1999 through December 31, 2005.

Robinson filed a motion for reconsideration and an affidavit from Tony York, manager of its IT Infrastructure Services, in support of the motion on March 24, 2008. According to York, restoration of the e-mails encompassed by the March 13 Order would require 4,667 man hours if done by Robinson or cost $1,050,000 if Robinson outsources the restoration. York Aff. 2. In response, Jones noted a willingness to limit the request for e-mails to three specific time periods: September 30, 2003 through October 6, 2003, October 15, 2003 through January 9, 2004, and April 25, 2004 through May 5, 2004.

Jones also moved the court to compel production by Robinson of all T-Chek records from the relevant time period in this matter.[1] Robinson argued that the production of all T-Chek records would be overly burdensome and are not relevant to the underlying action in this matter. Robinson also agreed to stipulate to the frequency of the T-cheks and the amount per check, a stipulation that Jones agreed upon.

---

[1] T-Cheks are cash advances given to carriers in order to pay for expenses necessary for deliveries, such as gas, tolls, and the like.

2

For the reasons stated at the hearing, it is hereby **ORDERED** as follows:

1. Robinson shall produce the requested e-mail communications for the following time periods: September 30, 2003 through October 6, 2003, October 20, 2003 through October 27, 2003, and April 25, 2004 through May 5, 2005. Robinson shall produce these materials on or before 10:30 A.M., April 28, 2008.

2. Robinson shall stipulate to the frequency and amount of any relevant T-Checks.

3. The motion for sanctions is **DENIED** as moot at this point, as Robinson is not in violation of any court order in this matter.

The Clerk is directed to send copies of this Order to all parties.

Enter this 25 day of April, 2008.

_____
Michael F. Urbanski
United States Magistrate Judge

3