UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WINFORD DALLAS JONES, | ) |
| Plaintiff, | ) |
| v. | ) |
| C.H. ROBINSON WORLDWIDE, INC., | ) |
| Defendant/Third Party Plaintiff. | ) |
| v. | ) Civil Action No. 7:06-CV-00547 |
| AKJ ENTERPRISES, INC., d/b/a Unlimited Express | ) |
| And | ) |
| ELSON BOLAR, | ) |
| And | ) |
| DONNIE BOLAR, | ) |
| Third Party Defendants. | ) |

### ROBINSON'S OBJECTIONS TO PLAINTIFF'S EXHIBIT AND WITNESS LISTS, DEPOSITION DESIGNATIONS, AND ROBINSON'S COUNTER-DESIGNATIONS

COMES NOW defendant C.H. Robinson Worldwide, Inc. ("Robinson"), by counsel, pursuant to this Court's Scheduling Order, and Fed. R. Civ. Pro. 26(a)(3), and hereby presents its objections to Plaintiff's list of trial exhibits and witnesses, to Plaintiff's deposition designations, and Robinson's own counter-designations.

### PLAINTIFF'S WITNESSES

1. **Winford Dallas Jones** (may use)

    *No objection.*

2. **Rick Peele** (may use)

   *Cumulative.*

3. **Susan Cannedy** (may use)

   *Cumulative.*

4. **Senior Virginia State Trooper K. S. Clark** (may use)

   *Cumulative. Not identified by Plaintiff as expert.*

5. **Mike Atkinson**
   (adverse witness to be examined as if on cross-examination)

   *No objection.*


6. **Bruce Johnson**
   (adverse witness to be examined as if on cross-examination)
   Mr. Johnson's testimony will be presented in the form of his Rule 30(b)(6) deposition taken on October 8, 2007, and March 13, 2008; however, Plaintiff reserves the right to call this witness for live testimony.

   *Robinson objects to the presentation of this witness by deposition, as Mr. Johnson will be attending the trial and will testify live.*


7. **Mike Lakotish**
   (adverse witness to be examined as if on cross-examination)

   *Immaterial. Irrelevant. Witness not testifying about relevant issues in the case.*


8. **Max Cortis**
   (adverse witness to be examined as if on cross-examination)
   Subject to his availability at trial, Mr. Cortis' testimony will be presented in the form of his deposition taken on March 7, 2008.

   *By agreement of counsel, Robinson's objections to the specific designated portions of Mr. Cortis' deposition—and its own counter designations—are below.*

9. **Deb Herd**
   (adverse witness to be examined as if on cross-examination)

2

C. H. Robinson
Subject to her availability at trial, Ms. Herd's testimony will be presented in the form of her deposition taken on March 14, 2008.

*By agreement of counsel, Robinson's objections to the specific designated portions of Ms. Herd's deposition—and its own counter designations—are below.*

10. **Keith Obiala**
(adverse witness to be examined as if on cross-examination)
Subject to his availability at trial, Mr. Obiala's testimony will be presented in the form of his deposition taken on March 7, 2008.

*Robinson objects to the testimony—in any form—of this witness as irrelevant and not material to any genuine issue in the case. By agreement of counsel, Robinson's objections to the specific designated portions of Mr. Obiala's deposition—and its own counter designations—are below.*

11. **Dr. Thomas Corsi, Ph.D.**

*Robinson objects to this witness for the reasons stated in its Motion to Exclude Dr. Corsi's Testimony, previously filed herein. In addition, Robinson objects to this witness' testimony as lacking proper foundation and evidentiary support, and not necessary to assist the jury in understanding any issue in the case.*

12. **Annette M. Sandberg, Esq.**

*Robinson objects to Plaintiff attempting to call Ms. Sandberg as his own witness, but does not object to appropriate cross-examination.*

Robinson reserves the right to object at trial to specific testimony from these witnesses on relevance and other evidentiary grounds as circumstances may dictate.

## PLAINTIFF'S EXHIBITS

1. Virginia State Police Division Four Crash Team Report, dated October 7, 2004 (may offer).

3

*Robinson objects to the exhibit as hearsay, cumulative, irrelevant, and for the reasons stated in its motions in limine.*

2. Carrier Loan Confirmation Sheets, Bills of Lading, and/or Invoices for Loads 21422065; 21013521; 2130917; 21312279; 21066309; 21090599; 16687219; 13340392; 20804793; 20621595; 12114698; 20422186; 20388878; 8706442; 18890743; 20652169; 19289049; 13967722; 20355694; and 20433146.

    *Robinson objects to the exhibits as hearsay, incomplete, immaterial, irrelevant, cumulative, and requiring speculation.*

3. Contract Carrier Agreement between Defendant and AKJ Enterprises, Inc. (dba "Unlimited Express"), dated April 19, 2001.

    *No objection.*

4. Carrier Information Survey for AKJ Enterprises, Inc. dba Unlimited Express.

    *No objection.*

5. Certificate of Federal Operating Authority for AKJ Enterprises, Inc.

    *No objection, provided Robinson is provided with a copy.*

6. Certificates of Insurance for AKJ Enterprises, Inc.

    *No objection, provided they are from the period around September 2004.*

7. Automobile Loss Notice, dated September 14, 2004.

    *Robinson objects to the exhibit as Robinson has not been provided with a copy of this document.*

8. MCMIS Data regarding AKJ Enterprises, Inc. from records of the Federal Motor Carrier Safety Administration

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

9. Roadside inspection data concerning AKJ Enterprises, Inc. from the records of the Federal Motor Carrier Safety Administration.

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

4

10. FMCSA Insurance Data regarding AKJ Enterprises, Inc. from records of the Federal Motor Carrier Safety Administration.

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

11. FMCSA Insurance Data regarding Bolar Trucking Express, Inc. from records of the Federal Motor Carrier Safety Administration.

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

12. SafeStat Effectiveness Study Update, dated March 2004, from official government website of the Federal Motor Carrier Safety Administration.

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

13. Motor Carrier Industry Profile: Linkages Between Financial and Safety Performance Among Major Segments, dated May 2000, originally published on the official government website of the Federal Motor Carrier Safety Administration.

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

14. Report of the Federal Motor Carrier Safety Administration concerning May 2003 compliance review of AKJ Enterprises, Inc.

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, and unduly prejudicial.*

15. Report of the Federal Motor Carrier Safety Administration concerning July 2003 compliance review of AKJ Enterprises, Inc.

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, and unduly prejudicial.*

16. "Load Problem Data" Excel spreadsheets produced by Defendant C. H. Robinson to show data from its proprietary "Express System," kept in its usual course of business.

    *Robinson objects to all entries in this exhibit not expressly admitted into evidence by the Court, as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

17. "Driver Log Data" Excel spreadsheets produced by Defendant C. H. Robinson to show data from its proprietary "Express System," kept in its usual course of business.

    *Robinson objects to all entries in this exhibit not expressly admitted into evidence by the Court, as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

18. TransportFolio publication, Volume a5, No. 3, published by Defendant C. H. Robinson.

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

19. Defendant's chart/spreadsheet reviewing SafeStat results for sampling of its carriers for year 2004.

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

20. "Motor Carrier Safety Fact Sheet" from official government website of the Federal Motor Carrier Safety Administration.

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, cumulative, and unduly prejudicial.*

21. Student records of Kristina Mae Arciszewski from driving school of C. R. England, Inc. in Salt Lake City, Utah (may offer).

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, and cumulative.*

22. Driver's reports for Kristina Mae Arciszewski (UT, NE, MO, FL, NC) (may offer).

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, and cumulative.*

23. Driver's report for Charles Kevin Morris (GA) (may offer).

    *Robinson objects to the exhibit as irrelevant, immaterial, hearsay, calling for speculation, and cumulative.*

24. "Temporary Removal of Accident SEA and Overall SafeStat Score" from the official government website of the Federal Motor Carrier Safety Administration.

*No objection, provided it is properly authenticated.*

25. Crash report for accident occurring March 14, 2001, from records of the Federal Motor Carrier Safety Administration concerning Bolar Trucking Express, Inc.

    *Robinson objects to the exhibit as irrelevant, hearsay, and on the grounds that it has never been provided to Robinson as required by the Rules.*

26. T-Chek spreadsheet data produced by Defendant, C. H. Robinson.

    *Robinson objects to the exhibit as irrelevant, immaterial, and cumulative.*

27. Curriculum Vitae of Dr. Thomas M. Corsi, Ph.D.

    *No objection, provided Dr. Corsi is permitted to testify.*

28. Defendant's pleadings.

    *Robinson objects to this exhibit as vague, confusing, and irrelevant.*

29. Defendant's discovery responses.

    *No objection, but Robinson reserves the right to object to the relevance of specific requests and responses.*

    Robinson reserves the right to object to these exhibits on other grounds at trial if circumstances dictate.

## PLAINTIFF'S DEPOSITION DESIGNATIONS AND ROBINSON'S COUNTER-DESIGNATIONS

### A. Deborah Herd

1. **p. 27, line 22 – p. 29, line 25**—Robinson objects to p.28, line 1 through p. 29, line 12 as irrelevant, and calling for speculation.
2. **p.32, line 9 – p.35, line 11—**Robinson objects to the entire designation as irrelevant and calling for improper speculation.
3. **p. 13, line 22 – p. 14, line 17**— Robinson objects to the entire designation as irrelevant and calling for improper speculation.

    - *Robinson hereby counter-designates p. 24, lines 6-18.*

B. **Keith Obiala**—Robinson objects to Mr. Obiala's entire testimony as irrelevant and not probative of any issues in the case. In addition, Robinson makes the following specific objections:

   1. **p.29, line 5 – p.32, line 12**—Robinson objects to the entire designation as calling for speculation.

   2. **p.41, lines 5-21**—Robinson objects to the entire designation as calling for speculation.

   3. **p.46, line1 – p.47, line 22**—Robinson objects to the entire designation as calling for speculation.

   - *Robinson hereby counter-designates the following: p.24, lines 16-21; p.27, line 24—p.29, line 4; p.41, line 22—p.42, line 11; p.45, lines17-24; and p.99, lines 2-5.*

C. **Max Cortis**

   1. **p.16, line 8 – p.20, line 18**—Robinson objects to the entire designation as calling for speculation.

   2. **p.67, line 4 – p.70, line 1**—Robinson objects to the entire designation as irrelevant and calling for speculation.

   3. **p.102, line 19 – p.103, line 6**—Robinson objects to the entire designation as irrelevant and calling for speculation.

   - *Robinson hereby counter-designates p. 13, lines 14-17.*

D. **Mike Lakotish**—Robinson objects to Mr. Lakotish's entire testimony as irrelevant, not probative of any issues in the case, and cumulative of the testimony of other witnesses. In addition, Robinson makes the following specific objections:

   1. **p.21, lines 2-4**—Robinson objects to the designation as incomplete and misleading as Plaintiff appears to be using the section purely to authenticate a document for which the witness is not the proper person.

   2. **p.37, lines 14-24**—Robinson objects to the designation as cumulative, and because it relates to information about the T-Chek system to which the parties have stipulated.

3.  **p.39, line 16 – p.40, line 15**—Robinson objects to the designation as cumulative.

4.  **p.46, lines 4-8—**Robinson objects to the designation because it seeks information about a time period other than September 2004.

5.  **p.50, line1 – p.51, line 20—**Robinson objects to the designation as immaterial.

Robinson reserves the right to object to these designations on other grounds at trial if circumstances dictate.

Respectfully submitted,

C.H. ROBINSON WORLDWIDE, INC.,

By counsel,

 /s://Robert Michael Doherty, Esq.

Paul C. Kuhnel (VSB #28151)
Robert Michael Doherty (VSB #43997)
**WOOTENHART PLC**
707 S. Jefferson Street, Suite 300
P. O. Box 12247
Roanoke, VA  24024-2247
(540)343-2451
(540)345-6417 (facsimile)

    **Counsel for the Robinson Defendants**

## **CERTIFICATE**

I hereby certify that I electronically filed the foregoing with John F. Corcoran, Clerk, U. S. District Court, using the CM/ECF system which will send notification of such filing to the following on this __**29**th__ day of **April, 2008**:

Gary C. Hancock, Esq.
Timothy E. Kirtner, Esq.
Gilmer, Sadler, Ingram, Sutherland & Hutton
65 East Main Street
P. O. Box 878
Pulaski, VA  24301

Byron R. Shankman, Esq.
P. O. Box 1859
Dublin, VA  24084

    **Co-Counsel for the Plaintiff**

                                      **/s:// Robert Michael Doherty, Esq.**

s:\robinson_ch\19765\objections to pl. pretrial disclosures.doc4/29/2008rmd