# GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.

**ATTORNEYS AND COUNSELLORS AT LAW**
MIDTOWN PROFESSIONAL OFFICE BUILDING
65 EAST MAIN STREET
POST OFFICE BOX 878
PULASKI, VIRGINIA 24301

TELEPHONE (540) 980-1360
FACSIMILE NO. (540) 980-5264

TIMOTHY E. KIRTNER
Extension 29
tkirtner@gsish.com

April 25, 2008

Robert M. Doherty, Esquire
Wooten Hart PLC
P. O. Box 12247
Roanoke, VA 24024-2247
**Via Facsimile: 540/345-6417**

    **Re:** *Jones v. D'Souza, et al.*

Dear Mike:

    Attached please find plaintiff's proposed jury instructions in regard to the above matter.

Sincerely yours,

Timothy E. Kirtner

TEK/bst

# INSTRUCTION NO. _____

Members of the jury, the order of the trial of this case will be in four stages:

1. Opening statements
2. Presentation of evidence
3. Instructions of law
4. Final argument

After the conclusion of final argument, I will instruct you concerning your deliberations.

You will then go to your room, select a foreperson, deliberate, and arrive at your verdict.

## Opening Statements

Attorneys for the plaintiff, Winford Dallas Jones, may make an opening statement outlining his case. Then C. H. Robinson Worldwide, Inc.'s attorneys also may make an opening statement. Neither side is required to do so.

## Presentation of the Evidence

Following the opening statements, the plaintiff will introduce evidence, after which the defendant then has the right to introduce evidence, but is not required to do so. Rebuttal evidence may then be introduced if appropriate.

## Instructions of Law

At the conclusion of all evidence, I will instruct you on the law that is to be applied to this case.

## Final Argument

Once the evidence has been presented and you have been instructed on the law, then the attorneys may make their closing arguments. Winford Dallas Jones's attorneys will argue first, C. H. Robinson Worldwide, Inc.'s, attorneys may reply, and Winford Dallas Jones's attorneys may close in rebuttal.

Members of the jury, your function in the trial of this case is to reach a unanimous verdict that is based solely on the evidence and the instructions of law which you will be given after all

the evidence has been presented. The law applicable to this case is given to you in these instructions and in the other instructions you will receive at the close of all evidence, and it is your duty to follow all such instructions.

No statement or ruling or remark that I may make during the course of the trial is intended to indicate my opinion as to what the facts are. It is the function of the jury to consider the evidence and determine the facts in this case.

The evidence that you are to consider consists of testimony of witnesses, any exhibits admitted into evidence, and any facts agreed upon between the parties and presented to you in the form of a stipulation. The admission of evidence in court is governed by rules of law. From time to time, it may be the duty of the attorneys to make objections, and it is my duty as judge to rule on those objections and decide whether or not you can consider certain evidence. You must not consider testimony or exhibits to which an objection was sustained or which has been ordered stricken. If an objection is overruled, then you may consider that evidence together with all other evidence in the case. The opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and in applying the law, but their statements are not evidence.

In your determination of what the facts are, you alone must determine the credibility of the witnesses and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case. You should not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness

as you think proper. You should use your common sense in considering the evidence, and you may draw reasonable inferences from the evidence; but in doing so, you should not indulge in guesswork or speculation. From consideration of these things and all the other circumstances of the case, you should determine which witnesses are more believable and weigh their testimony accordingly. Until this case is submitted to you for your deliberations, you should not decide any issue in the case, and you should not discuss the case with anyone or remain within hearing of anyone who is discussing it. There will be occasional recesses during the trial. During the recesses, you should not discuss the case with your fellow jurors or go to the scene or make any independent investigation or receive any information about the case from radio, television, or the newspapers. Once your deliberations commence, then you must discuss the case only in the jury room when all members of the jury are present.

Just prior to your deliberations, you will be given a final instruction with regard to your selection of a leader, the conduct of your deliberations, and the forms for your verdict.

The faithful and proper performance by you of your duty is vital to the administration of justice. On behalf of the court and the litigants, we appreciate your giving your complete attention to this case as it is presented.

VMJ/2.000

# INSTRUCTION NO. ____B____

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

VMJ/2.020

## INSTRUCTION NO. ___C___

The plaintiff, Winford Dallas Jones, called employees of the defendant, C. H. Robinson Worldwide, Inc., as adverse witnesses.  Winford Dallas Jones is bound by as much of their testimony given as adverse witnesses as is clear, logical, reasonable and uncontradicted.

He is not bound by any of the defendant's employees' testimony given as adverse witnesses that conflicts with any of the other evidence in the case.

VMJ/2.030

## INSTRUCTION NO. _____

Negligence may be established by the evidence of the defendant, as well as the plaintiff.

*Instructions for Virginia and West Virginia,* 5th ed., Sect. 77-157; *Lynchburg Tel. Co. v. Booker,* 103 Va. 594, 50 S.E. 148

## INSTRUCTION NO.

In considering the weight to be given to the testimony of an expert witness, you should consider the basis for his or her opinion and the manner by which he or she arrived at it and the underlying facts and data upon which he or she relied.

**VMJ/2.040**

## INSTRUCTION NO. ___

In considering and weighing the testimony of experts in this case, it is your duty to also consider and weigh the same in connection with all the other evidence in this case and all facts and circumstances established by the preponderance of the evidence, and you should apply sound judgment to the sifting and weighing of the evidence in order to reach a verdict.

*Instructions for Virginia and West Virginia,* 5th ed., Section 41-112; *Reed v. Church,* 175 Va. 284, 8 S.E. 2d 285 (1940).

# INSTRUCTION NO. 6

When one of the parties, or the employee of a party, testified unequivocally to facts within his own knowledge, those statements and the necessary inferences from them are binding upon him or them. He or they cannot rely on other evidence in conflict with his own testimony to strengthen his case.

However, you must consider his or their testimony as a whole, and you must consider a statement made in one part his or their testimony in the light of any explanation or clarification made elsewhere in his or their testimony.

VMJ/2.060

## INSTRUCTION NO. ~~11~~

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

VMJ/2.100

## INSTRUCTION NO. ___

If you believe from the evidence that a witness, who is not a party or employee of a party, previously made a statement inconsistent with his or her testimony at this trial, the only purpose of which the prior statement may be considered by you is its bearing on the witness's credibility. It is not evidence that what the witness previously said is true.

VMJ/2.130

## INSTRUCTION NO. _____

You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

VMJ/2.170

## INSTRUCTION NO. _____

The greater weight of all the evidence is sometimes called a preponderance of the evidence. It is that evidence which you find more persuasive. The testimony of one witness whom you believe can be the greater weight of the evidence.

VMJ/3.100

**INSTRUCTION NO. _____**

Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person or company would have used under the circumstances of this case.

VMJ/4.000 modified

## INSTRUCTION NO. $\mathcal{M}$

If two or more persons were negligent, and if the negligence of each proximately caused the injuries to plaintiff, Winford Dallas Jones, then each is liable to him for his injury. This is true even if the negligence of one is greater than the negligence of the others. The Court has decided that AKJ Enterprises, Inc., and Kristina Arciszewski were negligent, and that their negligence was a proximate cause of plaintiff's injuries. The only questions for you to answer are whether C. H. Robinson Worldwide, Inc., was also negligent and whether its negligence was also a proximate cause of plaintiff's injuries.

VMJ/4.020 modified

# INSTRUCTION NO. ____

One of plaintiff's claims is that the defendant, C. H. Robinson Worldwide, Inc., is liable because it hired an unfit trucking company, AKJ Enterprises, Inc., whose driver, as a result of unfitness, negligently caused the accident. In order for C. H. Robinson Worldwide, Inc., to be found liable on this claim, Winford Dallas Jones must prove by the greater weight of the evidence that:

Element No. 1 - AKJ Enterprises, Inc., hired by C. H. Robinson Worldwide, Inc., was incompetent and unsafe to perform work that would involve a risk of physical harm to third persons, such as the plaintiff, Winford Dallas Jones;

Element No. 2 – C. H. Robinson Worldwide, Inc., failed to exercise reasonable care in selecting AKJ Enterprises, Inc.;

Element No. 3 - Exercise of reasonable care in hiring AKJ Enterprises, Inc. would have revealed that AKJ Enterprises, Inc., was incompetent and unsafe and put the employer on reasonable notice of the threat to third persons posed by AKJ Enterprises, Inc.;

Element No. 4 - AKJ Enterprises, Inc., performed the work in an incompetent and unsafe manner and in a way that should have been reasonably foreseeable to the employer;

Element No. 5 - The incompetent and unsafe performance of the work by AKJ Enterprises, Inc., led to the physical harm suffered by the plaintiff, Winford Dallas Jones; and

Element No. 6 - C. H. Robinson Worldwide, Inc.'s, initial negligence in hiring the incompetent AKJ Enterprises, Inc., was, under the foregoing circumstances, a proximate cause of Winford Dallas Jones's injuries.

If Winford Dallas Jones proves the elements above, then defendant, C. H. Robinson Worldwide, Inc., is negligent; and, if you further believe from the evidence that any such negligence was a proximate cause of the collision, then you shall find your verdict in favor of plaintiff, Winford Dallas Jones, on his claim of negligent hiring.

The defendant, C. H. Robinson Worldwide, Inc., has admitted that AKJ Enterprises, Inc., performed the work of hauling the subject load in an incompetent and unsafe manner. Therefore, with regard to Element No. 4, you need only consider whether that incompetence was reasonably foreseeable to C. H. Robinson Worldwide, Inc.

With regard to Element No. 5, the defendant, C. H. Robinson Worldwide, Inc., has also admitted that AKJ Enterprises, Inc.'s, incompetence was a proximate cause of Winford Dallas Jones's injuries, and so you shall treat that element as having been proven based upon C. H. Robinson Worldwide, Inc.'s, admission.

*Phillip Morris, Incorporated v. Emerson,* 235 Va. 380; 368 S.E. 2d 268 (1988); *Restatement of the Law,* 2nd, Tort, Section 411; *Jones v. D'Souza,* 2007 U.S. Dist. Lexis 66993

# INSTRUCTION NO. _____

One of the plaintiff's claims is that the defendant, C. H. Robinson Worldwide, Inc., negligently entrusted the transportation of the subject load to an independent contractor, AKJ Enterprises, Inc., whose driver negligently caused the subject crash. In order for C. H. Robinson Worldwide, Inc., to be found liable on this claim, Winford Dallas Jones must prove by the greater weight of the evidence that:

Element No.1 - the activity at issue (the hauling of the load) was within the control of C. H. Robinson Worldwide, Inc.;

Element No. 2 - AKJ Enterprises, Inc., had some known or reasonably discoverable quality, characteristic or propensity that made it reasonably foreseeable that AKJ Enterprises, Inc., would engage in the activity in a manner that posed an unreasonable risk of harm to others;

Element No. 3 - C. H. Robinson Worldwide, Inc., knew or should have known of the quality, characteristic or propensity;

Element No. 4 - due to the quality, characteristics or propensity, AKJ Enterprises, Inc., did, in fact, engage in the activity in an unsafe manner and cause harm to the plaintiff, Winford Dallas Jones; and

Element No. 5 - all of which was proximately caused by C. H. Robinson Worldwide, Inc.'s, initial negligence in entrusting the activity to the third person.

Defendant, C. H. Robinson Worldwide, Inc., has admitted that AKJ Enterprises, Inc., hired an incompetent driver to haul the load and that that AKJ Enterprises, Inc.'s, negligence in doing so was a proximate cause of the accident. Consequently, you shall treat element no. 4 as having been proven by that admission.

If Winford Dallas Jones proves the elements above, then defendant, C. H. Robinson Worldwide, Inc., is negligent; and, if you further believe from the evidence that any such negligence was a proximate cause of the collision, then you shall find your verdict in favor of plaintiff, Winford Dallas Jones.

VMJ/7.010 modified; *Restatement of the Law*, 2nd, Tort, Section 308; *Jones v. D'Souza*, 2007 U.S. Dist. Lexis 66993

# INSTRUCTION NO. _____

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor:

    (a)    to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

    (b)    to perform any duty which the employer owes to third persons.

If you find that defendant, C. H. Robinson Worldwide, Inc., failed to exercise reasonable care in employing AKJ Enterprises, Inc., to haul the subject load, then you shall find your verdict in favor of the plaintiff, Winford Dallas Jones, and against the defendant, C. H. Robinson Worldwide, Inc.

*Restatement of the Law*, Second, Tort, Section 411; *Phillip Morris, Incorporated v. Emerson*, 235 Va. 380; 368 S.E. 2d 268 (1988)

**INSTRUCTION NO.** _____

An employer is a person or legal entity with the power or right to control the means and methods of performance by which another person or company performs the employer's work.

An employee is a person or company who is subject to the power or right of an employer to control the means and method of performing the work.

VMJ/8.000

## INSTRUCTION NO. ___

An employer is liable for all damages proximately caused by the negligence of his employee while acting within the scope of that person's or company's employment.

VMJ/8.010

**INSTRUCTION NO. 5**

In order to recover against C. H. Robinson Worldwide, Inc., on his claim for vicarious liability, the plaintiff, Winford Dallas Jones, has the burden of proving by the greater weight of the evidence that AKJ Enterprises, Inc., was the employee of C. H. Robinson Worldwide, Inc., that Kristina Arciszewski was negligent while acting within the scope of her employment, and that this negligence proximately caused damage to Winford Dallas Jones. If plaintiff, Winford Dallas Jones, proves these things, then you shall return your verdict for the plaintiff, Winford Dallas Jones, and against defendant, C. H. Robinson Worldwide, Inc.

The defendant, C. H. Robinson Worldwide, Inc., has admitted that Kristina Arciszewski was negligent while acting within the scope of her employment; therefore, you may accept that element as having been proven by the plaintiff, Winford Dallas Jones.

VMJ/8.020

## INSTRUCTION NO. _____

If you find by the greater weight of the evidence that AKJ Enterprises, Inc., and Kristina Arciszewki were the employees of C. H. Robinson Worldwide, Inc., the defendant, you may presume that they were acting with the scope of their employment. Once an employer-employee relationship has been established, the burden is on the defendant, C. H. Robinson Worldwide, Inc., to present evidence that Kristina Arciszewski and/or AKJ Enterprises, Inc., were not acting within the scope of employment when the act was committed.

VMJ/8.030

# INSTRUCTION NO. $\mathcal{U}$

In reaching your decision whether AKJ Enterprises, Inc., and/or Kristina Arciszewski was acting within the scope of its or her employment, you may consider: (1) whether the work or service of AKJ Enterprises, Inc., and/or Kristina Arciszewski in which the act was done was within the ordinary course of C. H. Robinson Worldwide, Inc.'s, business; (2) the motive of AKJ Enteprises, Inc., and/or Kristina Arciszewski; and (3) whether the act was expressly or impliedly directed by C. H. Robinson Worldwide, Inc.

VMJ/8.040

## INSTRUCTION NO. _____

The employer is responsible for its employee's actions if the employee was trying to some extent to serve the employer's business, even though the primary motive of the employee was to benefit himself or a third person.

VMJ/8.050

## INSTRUCTION NO. $\underline{\hspace{0.3cm}\text{W}\hspace{0.3cm}}$

An independent contractor is a person who is engaged to produce a specific result but who is not subject to the control of the employer as to the way he brings about that result.

VMJ/8.100

## INSTRUCTION NO. ❌

I have decided to accept as proved the following facts:

1.    AKJ Enterprises, Inc. negligently failed to retain competent drivers who would obey all relevant laws and regulations in respect of the load involved in this case, including Kristina Arciszewski.

2.    Kristina Arciszewski, the driver for AKJ Enterprises, Inc., was negligent in crossing the media between the north and southbound lanes of Interstate 81 in Wythe County, Virginia, and in striking head-on the vehicle being operated by plaintiff, Winford Dallas Jones.

3.    AKJ Enterprise, Inc.'s negligence in hiring Kristina Arciszewski was a proximate cause of the September 12, 2004, crash.

## INSTRUCTION NO. ⟍⟋

In this case, it will be your duty to return your verdict in the form of written answers to the written questions which are submitted to you by the Court. Your answers will constitute your verdict. Each answer is to be written in the space provided after each question. Before making each answer, all of you must agree upon it. It is your duty to answer each of these questions in accordance with the evidence in the case.

MPJI 1:12

**INSTRUCTION NO.** ⎽⎽⎽⎽⎽

One who employs an independent contractor to do work in a public place, which, unless carefully done, involves a risk of making the place dangerous for the use of members of the public, is subject to liability for physical harm caused to members of the public by a negligent act or omission of the contractor, which makes the place dangerous for their use.

*Restatement of Torts*, 2nd, Sect. 417

**INSTRUCTION NO.** ⟨signature⟩

The words "public place" denote any place which a state or any of its subdivisions maintains for the use of the public, and includes public highways.

*Restatement of Torts, 2ⁿᵈ, Sect. 417, comment b*

# INSTRUCTION NO. _____

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor: (a) to do work which will involve a risk of physical harm, unless it is skillfully and carefully done; or (b) to perform any duty which the employer owes to third persons.

*Restatement of the Law, 2ⁿᵈ, Torts, Sect. 411*

## INSTRUCTION NO. _____

The words "competent and careful contractor" denote a contractor who possesses the knowledge, skill, experience and available equipment which a reasonable man would realize that a contractor must have in order to do the work which he is employed to do without creating unreasonable risk of injury to others, and who also possesses the personal characteristics which are equally necessary.

The work which a "competent and careful contractor" is employed to do applies to any activity which a contractor is employed to carry on at or near any place in which others have a privilege to be and which is not dependent upon the consent of the employer of the contractor.

*Restatement of the Law, 2nd Torts, Sect. 411*

## INSTRUCTION NO. 44

The extent of the employer's knowledge and experience in the field of work to be done is to be taken into account.

**INSTRUCTION NO. _____**

Plaintiff, Winford Dallas Jones, has presented evidence on three different claims against the defendant, C. H. Robinson Worldwide, Inc. Those claims are negligent hiring, negligent entrustment, and vicarious liability.

You have previously been instructed on the elements the plaintiff must prove in order for C. H. Robinson Worldwide, Inc., to be liable on the plaintiff's claim of negligent entrustment. If you find that each of those elements has been proven by a preponderance of the evidence, you shall find your verdict for the plaintiff, Winford Dallas Jones, on his claim of negligent hiring.

You have also previously been instructed as to the elements that must be proven in order to find C. H. Robinson liable on plaintiff's claim of negligent entrustment. If you find that each of the elements for a claim of negligent entrustment has been proven by a preponderance of the evidence, you shall find your verdict for the plaintiff, Winford Dallas Jones, on his claim of negligent entrustment.

You have also been previously instructed on the elements that must be proven in order for you to find that C. H. Robinson Worldwide, Inc., was the employer of AKJ Enterprises, Inc., and Kristina Arciszewski, such that C. H. Robinson could be held vicariously liable for the actions of Kristina Arciszewski and AKJ Enterprises, Inc., regardless of whether C. H. Robinson Worldwide, Inc., was negligent in hiring them or entrusting the load to them. If you find that plaintiff has established that an employer/employee relationship existed between C. H. Robinson Worldwide, Inc., and AKJ Enterprises, Inc., and Kristina Arciszewski, then you shall find your verdict for the plaintiff, Winford Dallas Jones, on his claim of vicarious liability.

If you find that plaintiff has failed to meet his burden of proving any of the elements of any particular claim, you shall find your verdict on that claim for the defendant, C. H. Robinson Worldwide, Inc. The fact that you may find the defendant not to be liable on one claim does not prevent you from finding the defendant liable on another claim or claims. Similarly, you are not required to find the defendant, C. H. Robinson Worldwide, Inc., liable on all claims simply because you find it to be liable on one. Each claim should be considered separately to determine whether the elements of that particular claim have been proven.

## VERDICT SHEET

1.  Do you find that defendant, C. H. Robinson Worldwide, Inc., vicariously liable for the actions of AKJ Enterprises, Inc., and Kristina Arciszewski?

    ☐    Yes                    ☐    No

2.  On the claim of negligent hiring do you find the defendant, C. H. Robinson Worldwide, Inc., liable for Mr. Jones's injuries?

    ☐    Yes                    ☐    No

3.  On the claim of negligent entrustment, do you find the defendant, C. H. Robinson negligent?

    ☐    Yes                    ☐    No


                                    _____
                                    Jury Foreperson