CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

APR 29 2008

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WINFORD DALLAS JONES, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06CV00547 |
| v. | ) | **ORDER** |
| C.H. ROBINSON WORLDWIDE, INC., | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

This matter is before the court on the plaintiff's motion for partial summary judgment, the defendant's motion for summary judgment, the plaintiff's motion in limine, the defendant's motion in limine, the defendant's motion to exclude the testimony of Thomas M. Corsi, Ph.D., the defendant's motion in limine to permit evidence regarding plaintiff's settlement with AKJ, and the defendant's motion in limine to exclude evidence regarding proposed safety ratings for AKJ. A hearing on all of these motions took place on April 28, 2008. For the reasons stated in open court, which will be more fully set forth in a memorandum opinion to follow in the next several weeks, it is hereby

ORDERED

as follows:

1. Taking all the evidence adduced in this case in the light most favorable to the defendant, the plaintiff's motion for partial summary judgment is GRANTED with regard to the negligence of Kristina Arciszewski and DENIED in all other parts.

2. The defendant's motion for summary judgment is GRANTED with regard to the

plaintiff's claims for negligence under a theory of vicarious liability and negligent entrustment and DENIED with regard to the plaintiff's claim for negligent hiring.

3. The plaintiff's motion in limine is DENIED as moot.

4. The defendant's motion in limine is GRANTED in part, DENIED in part, and taken under advisement in part as follows:

    a. The plaintiff will be permitted to introduce evidence relating to predecessor entities of AKJ Enterprises, Inc. insofar as that evidence relates to highway safety, however any other evidence of driver or safety related incidents will not be permitted;

    b. The plaintiff may not introduce evidence related to any successor entity of AKJ Enterprises, Inc.;

    c. Evidence of prior conduct of or problems with AKJ Enterprises, Inc. or its drivers will be permitted insofar as it relates to the ability of the drivers to deliver their loads safely;

    d. With regard to the potential testimony of Virginia State Trooper K. Scott Clark regarding the cause of the subject collision, the court will take the defendant's motion under advisement pending his appearance as a witness at the trial of this matter; and

    e. The plaintiff will not be permitted to introduce evidence relating to the defendant's overall revenue, monetary allocation, or profit per load unless the defendant relies upon financial constraints as a reason for not engaging in a more thorough review of AKJ

2

Case 7:06-cv-00547-GEC-mfu   Document 120   Filed 04/29/08   Page 2 of 3   Pageid#: 1839

Enterprises, Inc.'s safety record.

5. The defendant's motion to exclude the testimony of Thomas M. Corsi, Ph.D. is GRANTED in part and DENIED in part. Dr. Corsi will be permitted to testify regarding the safety related information that was available to freight brokers in 2004 as well as its meaning and reliability, however Dr. Corsi will not be permitted to render an opinion quantifying the group of carriers that should have been considered acceptable or unacceptable based on that information.

6. The defendant's motion in limine to permit evidence regarding plaintiff's settlement with AKJ is GRANTED in part. If the plaintiff raises the issue of the financial viability of AKJ Enterprises, Inc., the defendant will be permitted to introduce evidence regarding the insurance coverage carried by AKJ at the time of the subject collision. With regard to the amount of the settlement received by the plaintiff in a related interpleader action, the motion is DENIED. Information regarding the earlier settlement may not be presented to the jury.

7. The defendant's motion in limine to exclude evidence regarding proposed safety ratings for AKJ is DENIED.

ENTER: This 29th day of April, 2008.

_____
United States District Judge