## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **WINFORD DALLAS JONES,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| | : |
| **C. H. ROBINSON WORLDWIDE, INC.,** *et al.,* | : |
| | : |
| **Defendants/Third Party Plaintiffs** | : |
| | : **Case No. 7:06-cv-00547** |
| **v.** | : |
| | : |
| **AKJ ENTERPRISES, INC., d/b/a** | : |
| **Unlimited Express** | : |
| | : |
| **and** | : |
| | : |
| **ELSON BOLAR** | : |
| | : |
| **and** | : |
| | : |
| **DIONNIE BOLAR,** | : |
| | : |
| **Third Party Defendants.** | : |
| _____ | : |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**COMES NOW** Plaintiff, Dallas Jones, by counsel, pursuant to the Court's

Scheduling Order, and proposes the attached pattern and non-pattern Jury Instructions to

be used at trial:

Case 7:06-cv-00547-GEC-mfu   Document 124   Filed 04/29/08   Page 1 of 25   Pageid#: 1849

**INSTRUCTION NO. _____**

Members of the jury, the order of the trial of this case will be in four stages:

1.  Opening statements
2.  Presentation of evidence
3.  Instructions of law
4.  Final argument

After the conclusion of final argument, I will instruct you concerning your deliberations. You will then go to your room, select a foreperson, deliberate, and arrive at your verdict.

<u>Opening Statements</u>

Attorneys for the plaintiff, Winford Dallas Jones, may make an opening statement outlining his case. Then C. H. Robinson Worldwide, Inc.'s attorneys also may make an opening statement. Neither side is required to do so.

<u>Presentation of the Evidence</u>

Following the opening statements, the plaintiff will introduce evidence, after which the defendant then has the right to introduce evidence, but is not required to do so. Rebuttal evidence may then be introduced if appropriate.

<u>Instructions of Law</u>

At the conclusion of all evidence, I will instruct you on the law that is to be applied to this case.

<u>Final Argument</u>

Once the evidence has been presented and you have been instructed on the law, then the attorneys may make their closing arguments. Winford Dallas Jones's attorneys

Case 7:06-cv-00547-GEC-mfu   Document 124   Filed 04/29/08   Page 2 of 25   Pageid#: 1850

will argue first, C. H. Robinson Worldwide, Inc.'s, attorneys may reply, and Winford Dallas Jones's attorneys may close in rebuttal.

Members of the jury, your function in the trial of this case is to reach a unanimous verdict that is based solely on the evidence and the instructions of law which you will be given after all the evidence has been presented. The law applicable to this case is given to you in these instructions and in the other instructions you will receive at the close of all evidence, and it is your duty to follow all such instructions.

No statement or ruling or remark that I may make during the course of the trial is intended to indicate my opinion as to what the facts are. It is the function of the jury to consider the evidence and determine the facts in this case.

The evidence that you are to consider consists of testimony of witnesses, any exhibits admitted into evidence, and any facts agreed upon between the parties and presented to you in the form of a stipulation. The admission of evidence in court is governed by rules of law. From time to time, it may be the duty of the attorneys to make objections, and it is my duty as judge to rule on those objections and decide whether or not you can consider certain evidence. You must not consider testimony or exhibits to which an objection was sustained or which has been ordered stricken. If an objection is overruled, then you may consider that evidence together with all other evidence in the case. The opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and in applying the law, but their statements are not evidence.

In your determination of what the facts are, you alone must determine the credibility of the witnesses and the weight of the evidence. You may consider the

appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case. You should not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper. You should use your common sense in considering the evidence, and you may draw reasonable inferences from the evidence; but in doing so, you should not indulge in guesswork or speculation. From consideration of these things and all the other circumstances of the case, you should determine which witnesses are more believable and weigh their testimony accordingly. Until this case is submitted to you for your deliberations, you should not decide any issue in the case, and you should not discuss the case with anyone or remain within hearing of anyone who is discussing it. There will be occasional recesses during the trial. During the recesses, you should not discuss the case with your fellow jurors or go to the scene or make any independent investigation or receive any information about the case from radio, television, or the newspapers. Once your deliberations commence, then you must discuss the case only in the jury room when all members of the jury are present.

Just prior to your deliberations, you will be given a final instruction with regard to your selection of a leader, the conduct of your deliberations, and the forms for your verdict.

The faithful and proper performance by you of your duty is vital to the administration of justice. On behalf of the court and the litigants, we appreciate your

giving your complete attention to this case as it is presented.

VMJ/2.000

**INSTRUCTION NO. _____**

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

VMJ/2.020

**INSTRUCTION NO. _____**

The plaintiff, Winford Dallas Jones, called employees of the defendant, C. H. Robinson Worldwide, Inc., as adverse witnesses. Winford Dallas Jones is bound by as much of their testimony given as adverse witnesses as is clear, logical, reasonable and uncontradicted.

He is not bound by any of the defendant's employees' testimony given as adverse witnesses that conflicts with any of the other evidence in the case.

VMJ/2.030 (modified)

**INSTRUCTION NO. _____**

Negligence may be established by the evidence of the defendant, as well as the

plaintiff.

*Instructions for Virginia and West Virginia*, 5th ed., Sect. 77-157; *Lynchburg Tel. Co. v. Booker*,
103 Va. 594, 50 S.E. 148 (1905)

**INSTRUCTION NO. _____**

In considering and weighing the testimony of experts in this case, it is your duty to also consider and weigh the same in connection with all the other evidence in this case and all facts and circumstances established by the preponderance of the evidence, and you should apply sound judgment to the sifting and weighing of the evidence in order to reach a verdict.

*Instructions for Virginia and West Virginia*, 5th ed., Section 41-112; *Reed v. Church*, 175 Va. 284, 8 S.E. 2d 285 (1940).

## INSTRUCTION NO. _____

When one of the parties, or the employee of a party, testified unequivocally to facts within his or its own knowledge, those statements and the necessary inferences from them are binding upon him or it. A party cannot rely on other evidence in conflict with his or its own testimony or the testimony of his or its employee to strengthen his or its case.

However, you must consider the testimony of a party or employee of a party as a whole, and you must consider a statement made in one part of the testimony of a party or employee of a party in the light of any explanation or clarification made elsewhere in his or its testimony.

VMJ/2.060 (modified)

**INSTRUCTION NO. _____**

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

VMJ/2.100

**INSTRUCTION NO. _____**

If you believe from the evidence that a witness, who is not a party or employee of a party, previously made a statement inconsistent with his or her testimony at this trial, the only purpose of which the prior statement may be considered by you is its bearing on the witness's credibility.  It is not evidence that what the witness previously said is true.

VMJ/2.130

**INSTRUCTION NO. _____**

You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

VMJ/2.170

**INSTRUCTION NO. _____**

The greater weight of all the evidence is sometimes called a preponderance of the evidence. It is that evidence which you find more persuasive. The testimony of one witness whom you believe can be the greater weight of the evidence.

VMJ/3.100

Case 7:06-cv-00547-GEC-mfu   Document 124   Filed 04/29/08   Page 14 of 25   Pageid#: 1862

**INSTRUCTION NO. _____**

Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person or company would have used under the circumstances of this case.

VMJ/4.000 (modified)

**INSTRUCTION NO. _____**

If two or more persons were negligent, and if the negligence of each proximately caused the injuries to plaintiff, Winford Dallas Jones, then each is liable to him for his injury. This is true even if the negligence of one is greater than the negligence of the others. The Court has decided that AKJ Enterprises, Inc., and Kristina Arciszewski were negligent, and that their negligence was a proximate cause of plaintiff's injuries. The only questions for you to answer are whether C. H. Robinson Worldwide, Inc., was also negligent and whether its negligence was also a proximate cause of plaintiff's injuries.

VMJ/4.020 (modified)

**INSTRUCTION NO. _____**

The proximate cause of an event is that act or omission that, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred. It is an act or omission that immediately causes or fails to prevent the event; an act or omission occurring or concurring with another act, without which the event would not have occurred; provided such event could reasonably have been anticipated by a prudent man in light of attendant circumstances.

VJI/11.9

**INSTRUCTION NO. _____**

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor:

    (a)     to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

    (b)     to perform any duty which the employer owes to third persons.

If you find that defendant, C. H. Robinson Worldwide, Inc., failed to exercise reasonable care in employing AKJ Enterprises, Inc., to haul the subject load, and you further find that the failure of C. H. Robinson Worldwide, Inc. to exercise reasonable care in employing AKJ Enterprises, Inc. was the proximate cause of the collision, then you shall find your verdict in favor of the plaintiff, Winford Dallas Jones, and against the defendant, C. H. Robinson Worldwide, Inc.

*Restatement of the Law*, Second, Tort, Section 411; *Phillip Morris, Incorporated v. Emerson*, 235 Va. 380; 368 S.E. 2d 268 (1988); *Jones v. D'Souza*, 2007 U.S. Dist. Lexis 66993

**INSTRUCTION NO. _____**

I have decided to accept as proved the following facts:

1.      AKJ Enterprises, Inc. negligently failed to retain competent drivers who would obey all relevant laws and regulations in respect of the load involved in this case, including Kristina Arciszewski.

2.      Kristina Arciszewski, the driver for AKJ Enterprises, Inc., was negligent in crossing the median between the north and southbound lanes of Interstate 81 in Wythe County, Virginia, and in striking head-on the vehicle being operated by plaintiff, Winford Dallas Jones.

3.      AKJ Enterprise, Inc.'s negligence in hiring Kristina Arciszewski was a proximate cause of the September 12, 2004, crash.

**INSTRUCTION NO. _____**

During the trial certain testimony was presented to you by the reading of depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**INSTRUCTION NO. _____**

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor: (a) to do work which will involve a risk of physical harm, unless it is skillfully and carefully done; or (b) to perform any duty which the employer owes to third persons.

*Restatement of the Law, 2ⁿᵈ, Torts, Sect. 411*

**INSTRUCTION NO. _____**

The words "competent and careful contractor" denote a contractor who possesses the knowledge, skill, experience and available equipment which a reasonable man would realize that a contractor must have in order to do the work which he is employed to do without creating unreasonable risk of injury to others, and who also possesses the personal characteristics which are equally necessary.

The work which a "competent and careful contractor" is employed to do applies to any activity which a contractor is employed to carry on at or near any place in which others have a privilege to be and which is not dependent upon the consent of the employer of the contractor.

*Restatement of the Law, 2nd, Sect. 411 comment a*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **WINFORD DALLAS JONES,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| | : |
| **C. H. ROBINSON WORLDWIDE, INC.,** *et al.,* | : |
| | : |
| **Defendants/Third Party Plaintiffs** | : |
| | : **Case No. 7:06-cv-00547** |
| **v.** | : |
| | : |
| **AKJ ENTERPRISES, INC., d/b/a** | : |
| **Unlimited Express** | : |
| | : |
| **and** | : |
| | : |
| **ELSON BOLAR** | : |
| | : |
| **and** | : |
| | : |
| **DIONNIE BOLAR,** | : |
| | : |
| **Third Party Defendants.** | : |

## VERDICT SHEET

On the claim of negligent hiring do you find the defendant, C. H. Robinson Worldwide, Inc., liable for Mr. Jones's injuries?

_____ Yes                    _____ No


_____
Jury Foreperson

Respectfully submitted,

**WINFORD DALLAS JONES**


/s/      Timothy E. Kirtner

Of Counsel


Gary C. Hancock, VSB #16704
Timothy E. Kirtner, VSB #36938
Ann L. Bishop, VSB #43847
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
P. O. Box 878, 65 East Main Street
Pulaski, VA 24301
540/980-1360 (telephone)
540/980-5264 (facsimile)

Byron R. Shankman, VSB #13485
P. O. Box 1859
Dublin, VA 24084

Counsel for Plaintiff, Winford Dallas Jones


## CERTIFICATE OF MAILING

I do hereby certify that I have this 29th day of April 2008 electronically filed the

foregoing Proposed Jury Instructions using the CM/ECF system which will send notification

of such filing to Paul C. Kuhnel, Esquire, Wooten Hart PLC, P.O. Box 12247, Roanoke,

Virginia 24024-2247, Counsel for C.H. Robinson Worldwide, Inc.; C. H. Robinson Company;

C. H. Robinson Company Inc.; C. H. Robinson Company LP; C. H. Robinson International, Inc.; C. H. Robinson Operating Company LP; and C. H. Robinson Transportation Company Inc.

/s/     Timothy E. Kirtner
     Timothy E. Kirtner
Gilmer, Sadler, Ingram, Sutherland & Hutton
P. O. Box 878, 65 East Main Street
Pulaski, VA  24301
540/980-1360 (telephone)
540/980-5264 (facsimile)
tkirtner@gsish.com