UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WINFORD DALLAS JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:06-CV-00547 |
| | ) |
| C.H. ROBINSON WORLDWIDE, INC. | ) |
| | ) |
| | ) |
| Defendant | ) |

## RENEWED MOTION TO EXCLUDE CERTAIN TESTIMONY OF DR. THOMAS M. CORSI

Comes now Defendant, C. H. Robinson Worldwide, Inc. ("Robinson"), by counsel, and hereby renews portions of its prior Motion to Exclude Certain Testimony of Dr. Thomas M. Corsi. In support thereof, Robinson states the following:

Based upon Dr. Corsi's affidavit, filed with Plaintiff's Motion for Partial Summary Judgment, and the representations of Plaintiff's counsel regarding his expected testimony at trial, Robinson renews its objection to Dr. Corsi offering any opinions that were not contained in his expert report in this case. His affidavit contains a number of significant new opinions that, if allowed into evidence, would heavily prejudice Robinson's defense. In addition, many of the new opinions are utterly without a factual predicate. The offending opinions, in Dr. Corsi's Affidavit, include:

a. In ¶ 5, Dr. Corsi says he believes that safety ratings and SafeStat scores are "sufficiently reliable for a sophisticated international company

arranging millions of loads each year, such as C.H. Robinson, to have used as factors in evaluating its carriers or potential carriers for purposes of determining whether such carriers were safe and fit to use. . . " He goes on to say "[t]his information has *historically been used* by private entities for a variety of business purposes, including determinations as to whether to do business with a particular carrier."

First, this opinion does not appear in Dr. Corsi's report, which Dr. Corsi has previously testified contains the sum total of his opinions in this case. *See* Deposition of Thomas Corsi, March 13, 2008, at p. 16, attached hereto as **Exhibit A** (testifying that his report contains the sum total of all the opinions he has been asked to render in the case.) Second, the first portion of this opinion is inadmissible because it mischaracterizes the applicable standard—the well-settled law in Virginia is that the proper legal standard in this case is what a reasonably prudent freight broker would have done in 2004—Dr. Corsi's glib attempt to place Robinson in a separate category by itself (and impose upon it separate, higher, duties from others in its industry) is impermissible inasmuch as such incorrect information cannot possibly assist the jury. Third, regarding his claim that "private entities" have "historically" used this data for selecting motor carriers, this opinion is likewise inadmissible because it is utterly without factual support. Dr. Corsi admitted in his deposition that he has *no knowledge* of the practices of *any* other third-party logistics companies—besides Robinson—in 2004. *See* Corsi Depo., **Exhibit A**, at p. 98 (stating he "do[es] not know" what other freight brokers were doing in 2004). Thus, he cannot truthfully claim to

have any basis for testifying about what any private company was doing in 2004—or "*historically.*"

b. On page 5 of his Affidavit, Dr. Corsi states that he believes that the data in the SafeStat System is "more reliable than" the FMCSA "has been willing to concede." While the Court has addressed this issue previously, Robinson respectfully submits that permitting Dr. Corsi to second-guess the reliability of the SafeStat data, and the FMCSA's policy and warning page—a policy that he does not deny exists—is a poor idea for two reasons. First, Plaintiff has *no evidence whatsoever* that any company in the world ever ignored the SafeStat warning page—thus, he cannot, as a matter of law, prove that this was the standard of care in 2004. Second, allowing this testimony would be unusually damaging because it will entail Dr. Corsi holding forth for an extended period of time about all of the statistical underpinnings of SafeStat data—this will almost certainly confuse the jury, and there is simply no evidentiary basis to do so.

c. Also on page 5, Dr. Corsi opines that Robinson should have looked at its own Express data as a source of information before assigning the subject load to AKJ. This opinion is brand-new—and is not in response to any opinions from Robinson's expert, Annette Sandberg. It does not appear in Dr. Corsi's expert report, nor was it discussed in his deposition. *See* Corsi Expert Report at pp. 4 (stating that Robinson should have looked at FMCSA's A&I website), 4-5 (Should have considered AKJ's Safety Rating), 5 (Robinson should have considered SafeStat Scores). Accordingly, Robinson objects to this testimony.

d.      Page 6, contains a discussion regarding the "emergency of third-party providers" such as TransCore's Carrier Watch that can provide safety information about carriers.  Again, this opinion is completely new and not in response to any opinions from Ms. Sandberg.  It is a fundamental denial of due process to permit this type of last-minute expert testimony.  Robinson, therefore, *strenuously* objects to any testimony by Dr. Corsi that was not part of his expert disclosure.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Robinson asks that the Court revisit its prior ruling and further limit the testimony of Dr. Corsi.

C.H. ROBINSON WORLDWIDE, INC.,

By counsel,


  **/s://Robert Michael Doherty, Esq.**

Paul C. Kuhnel (VSB #28151)
Robert Michael Doherty (VSB #43997)
**WOOTENHART PLC**
707 S. Jefferson Street, Suite 300
P. O. Box 12247
Roanoke, VA  24024-2247
(540)343-2451
(540)345-6417 (facsimile)

   **Counsel for the Robinson Defendants**

# CERTIFICATE

I hereby certify that I electronically filed the foregoing with John F. Corcoran, Clerk, U. S. District Court, using the CM/ECF system which will send notification of such filing to the following on this **4th** day of **May, 2008**:

Gary C. Hancock, Esq.
Timothy E. Kirtner, Esq.
Gilmer, Sadler, Ingram, Sutherland & Hutton
65 East Main Street
P. O. Box 878
Pulaski, VA  24301

Byron R. Shankman, Esq.
P. O. Box 1859
Dublin, VA  24084

**Co-Counsel for the Plaintiff**

                                          **/s:// Robert Michael Doherty, Esq.**

s:\robinson_ch\19765\renewed motion to exclude expert.docMay 4, 2008rmd