IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WINFORD DALLAS JONES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:06CV00547 |
| ) | |
| v. ) | **CLOSING JURY INSTRUCTIONS** |
| ) | |
| C.H. ROBINSON WORLDWIDE, INC., ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Ladies and gentlemen of the jury, now that you have heard the evidence and the argument of counsel it becomes my duty to give you the instructions as to the law applicable to this case. It is your duty as jurors to follow the law as stated in the instructions that I will give you and to apply the rules of law so given to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court. Similarly, it would be a violation of your sworn duty to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. It is not my function to determine the facts. Instead, you are the sole judges of fact in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence

presented to all the jurors and to arrive at a verdict by applying the same rules of law, as given in the instructions of the court.

You must perform your function without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequence.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respecter of persons. All persons stand equal before the law and are to be dealt with as equals in a court of justice. You must not base your verdict in any way upon sympathy, bias, guesswork, or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

As I mentioned at the outset, you must determine all relevant facts from a preponderance of the evidence. By this is meant the greater weight and degree of evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so than not so. In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence regardless of who may have produced them.

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what a witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence. In making your credibility determinations, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. You may consider each witness' intelligence, motive, state of mind, demeanor, and manner while on the stand. You may consider the witness' ability to observe the matters as to which he or she has testified and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if any at all, each witness is either supported or contradicted by other evidence in the case. In evaluating credibility, you may call upon your own experience and background in your every day affairs in determining the reliability or unreliability of statements made by others.

You may not arbitrarily disregard believable testimony of a witness

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

3

The plaintiff has called employees of the defendant as adverse witnesses. The plaintiff is bound by as much of their testimony given as adverse witnesses as is clear, logical, reasonable and uncontradicted. He is not bound by any of the defendant's employees' testimony given as adverse witnesses that conflicts with any of the other evidence in the case.

When one of the parties, or the employee of a party, testified unequivocally to facts within his own knowledge, those statements and the necessary inferences from them are binding upon him or them. He or they cannot rely on other evidence in conflict with his own testimony to strengthen his case. However, you must consider his or their testimony as a whole, and you must consider a statement made in one part of his or their testimony in the light of any explanation or clarification made elsewhere in his or their testimony.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

You are not bound to decide any issue of fact in accordance with the testimony of a number of witnesses which does not produce in your minds a belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being the most accurate, and otherwise trustworthy. The testimony of a single witness may be sufficient to prove any fact, even if

4

Case 7:06-cv-00547-GEC-mfu   Document 139   Filed 05/08/08   Page 4 of 10   Pageid#: 1903

a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

In addition to the testimony of the witnesses, the evidence in the case consists of any and all exhibits which have been received into evidence and all facts which have been either admitted or stipulated.

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence. That is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

As I told you when the trial began, certain things are not evidence, and I want to list those things for you again. First, statements, arguments, questions, and comments by lawyers representing the parties in the case do not constitute evidence. Second, objections are not evidence. Lawyers have a right to object if they believe something is improper. You should not be influenced by an objection. If I sustain an objection to a question, you must ignore the question and must not attempt to guess what the answer might have been. Third, testimony that I struck from the record or told you to disregard is not evidence and must not be considered. Fourth, anything you saw or heard about this case outside of the courtroom is not evidence. Finally, during the course of this trial you may have been instructed that some evidence was received for a limited purpose only. You may consider such evidence only for the specified limited purpose for which it was admitted.

5

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field, or an expert witness, is sometimes permitted to state an opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on testimony presented by an expert witness. In deciding whether to accept or rely up on the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his compensation for such testimony represents a significant portion of his income.

The plaintiff claims that the defendant, C.H. Robinson Worldwide, Inc. failed to exercise reasonable care in selecting AKJ Enterprises, Inc.; that AKJ Enterprises, Inc. was an incompetent or unskilled trucking company; and that C.H. Robinson's failure to exercise reasonable care in the hiring of AKJ Enterprises, Inc. resulted in the collision in which plaintiff was injured. A party may be liable to a third person, such as the plaintiff, for negligent hiring if it failed to exercise reasonable care to employ a competent and careful contractor to do work which will involve a risk of physical harm unless the work is skillfully and carefully done.

In order to find C.H. Robinson liable for the negligent hiring of an independent contractor, you must find that the plaintiff has proven each of the following elements by a preponderance of the evidence:

FIRST: That AKJ Enterprises was, in fact, incompetent or unskilled to perform the job for which it was hired;

6

SECOND: That C.H. Robinson knew or should have known by the exercise of reasonable care of the incompetence; and

THIRD: That such incompetence was a proximate cause of the harm that resulted to the plaintiff.

If you find that the plaintiff has proven each of these elements by a preponderance of the evidence, you must find that C.H. Robinson is liable. If you find that the plaintiff has failed to prove one or more of the foregoing elements, you must find that C.H. Robinson is not liable.

As previously stated, plaintiff has the burden of proving by a preponderance of the evidence that the defendant was negligent and that the defendant's negligence proximately caused the accident and the plaintiff's injuries.

Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case. In connection with the hiring of a trucking company to deliver freight, I charge you that the amount of care which should be exercised in the investigation of the qualifications and in the selection of an independent contractor is that which a reasonable person would exercise under the circumstances. In assessing what is reasonable, you may consider the arrangement between defendant and AKJ Enterprises, and the nature of the services which C.H. Robinson undertook to perform in connection with the delivery of the load in question. You may also consider the role of the government in regulating motor carrier safety.

A competent and careful contractor is one who possesses the knowledge, skill, experience, available equipment and personal characteristics which a reasonable person would realize that a contractor must have in order to do the work which it is employed to do without creating an unreasonable risk of injury to others.

The harm to the plaintiff must have resulted from some quality of AKJ Enterprises, such as a lack of knowledge, skill, experience, or proper equipment, which made it negligent for C.H. Robinson to hire it to do the work.

A proximate cause of an accident, injury or damage is a cause which, in natural and continuous sequence, produces the accident, injury, or damage. It is a cause without which the accident, injury, or damage would not have occurred.

For purposes of this case, the court has determined as a matter of law that the driver of the AKJ Enterprises vehicle was, in fact, negligent in operating the tractor trailer on the occasion of the plaintiff's injuries. I charge you that if two or more actors were negligent, and if the negligence of each proximately caused the injuries to the plaintiff, then each is liable to him for his injury.

However, the fact that there was an accident and that the plaintiff was injured does not, of itself, entitle the plaintiff to recover.

In just a few moments it will be time for you to retire to the jury room to begin your deliberations. Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court. A form of

8

Case 7:06-cv-00547-GEC-mfu   Document 139   Filed 05/08/08   Page 8 of 10   Pageid#: 1907

general verdict has been prepared for your response. You will take this form to the jury room. I tell you that in answering the question on the general verdict form, it is necessary that each of you agree as to the response. Your verdict must be unanimous. The verdict must represent the considered judgment of all of you. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. You must each decide the case for yourself but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But, do not surrender your honest convictions as to the weight or effect of the evidence solely because others among you may disagree or for the mere purpose of returning a verdict. Your sole interest is to seek the truth from the evidence of the case.

Once again, when you enter your jury room, your first responsibility will be to elect a foreperson. You will then begin your deliberations. I again tell you that your answer to the question on the general verdict form must be unanimous. Once you begin your deliberations, if you find it necessary to communicate with the court, let the marshal know and he will in turn let me know so we can all reconvene in open court. Once you begin your deliberations, you should not have contact with any person other than the marshal. If you wish to examine any of the exhibits in the case, let the marshal know so he can contact me. You should not let anyone know, including the court or the marshal, how you stand on your deliberations either numerically or on the question before you, until after you have reached a unanimous verdict.

Mr. Marshal, if you will, deliver the official general verdict form to the jury. Mr. Marshal, if you would please take the jury out into the hall but not all the way into the jury room and let me converse with counsel for just a few moments before we send the jury to deliberate.