UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WINFORD DALLAS JONES, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:06-CV-00547 |
| C.H. ROBINSON WORLDWIDE, INC. | ) |
| Defendant | ) |

**BRIEF IN SUPPORT OF C.H. ROBINSON'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, FOR A NEW TRIAL**

C. H. Robinson Worldwide, Inc. ("Robinson") believes that, pursuant to Fed. R. Civ. Pro 50(b) and 59, it is entitled to either (a) vacation of the jury's recent verdict, and entry of judgment as a matter of law in Robinson's favor; or (b) a new trial, pursuant to Rule 59. Each ground is discussed in turn below.

I. **ROBINSON IS ENTITLED TO JUDGMENT AS A MATTER OF LAW**

The Court is empowered to set aside the jury's verdict and direct judgment as a matter of law (JMOL) in Robinson's favor by Fed. R. Civ. Pro. 50(b), which provides, in pertinent part:

> **(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. . . .In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
> (2) order a new trial; or
> (3) direct the entry of judgment as a matter of law.

Rule 50(b), Fed. R. Civ. Pro. (Emphasis in original).

In addition, according to the United States Court of Appeals for the Fourth Circuit, it is clear that

> [p]ursuant to Fed.R.Civ.P. 50(b), a district court may grant JNOV "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the [non-moving] party ...." On appeal, we will affirm a denial of JNOV if, "giving [the non-movant] the benefit of every legitimate inference in his favor, there was evidence upon which a jury could reasonably return a verdict for him. . . ." *Abasiekong v. City of Shelby et al.*, 744 F.2d 1055, 1059 (4th Cir.1984) (quoting *Mays v. Pioneer Lumber Corp.*, 502 F.2d 106, 107 (4th Cir.1974)).

*Cline v. Wal-Mart Stores*, 144 F.3d 294, 301 (4th Cir. 2007).

When evaluating a Rule 50 motion, the standard of review "is essentially the same as the standard of review for a motion for summary judgment." *Harrison v. Edison Bros.*, 814 F.Supp. 457, 461(MDNC 1993), *aff'd* at 151 F.3d 176 (4th Cir. 1998).

Here, the Court should vacate the plaintiff's verdict and enter judgment in Robinson's favor for two reasons: (a) plaintiff failed to present sufficient evidence at trial to establish proximate cause; and (b) Robinson believes that the substantive jury charge presented by the Court at trial is not an accurate statement of Virginia law regarding the elements of the tort of negligent hiring of an independent contractor.

### A.   **Lack of Evidence of Proximate Cause**.

As the Court sagely noted during arguments on Robinson's initial and renewed JMOL motions at trial, while Plaintiff may have presented sufficient evidence from which a jury could conclude that Robinson was negligent in some way—and the Court had already entered summary judgment in plaintiff's favor on

the issue of AKJ's negligence[1]—Plaintiff's evidence does *not* establish the essential proximate causal link between the two. Put another way, in order to prevail, Plaintiff must establish that some defect or characteristic which Robinson negligently failed to investigate or discover was the proximate cause of the accident which resulted in Plaintiff's injuries. The fact that the accident occurred, without a causal connection to Robinson's negligence, is insufficient to establish the requisite proximate cause.

> Plaintiff's evidence of causation is sufficient only…
>
> if it shows a probability and not a mere possibility that the alleged tortious conduct caused the alleged injury, and alternative possibilities as to the cause of an event *are not enough* where the defendant is liable under one and not the others and *where no basis for a rational choice among the alternatives is provided.*

*Harrison v. Edison Bros.*, 151 F.3d 176, 179 (4th Cir. 1998) (quoting and affirming District Court's granting of defense JNOV motion based on failure to prove causation in a negligent retention case.) (Emphasis added).

The court's charge on causation highlighted the need for the jury to specifically find a link between AKJ's prior conduct and harm to the plaintiff.

> The harm to the plaintiff must have resulted from some quality of AKJ Enterprises, such as a lack of knowledge, skill, experience, or proper equipment, which made it negligent for C.H. Robinson to hire it to do the work.[2]

Applying the above standard to this case, plaintiff has to show that Robinson was on notice of something about AKJ's tendencies in the past that

---

[1] In apparent recognition of the absence of any credible evidence on the issue of proximate cause, Plaintiff has repeatedly argued that the issue may be glossed over due to the Court's prior finding that AKJ was negligent. Plaintiff's argument in this regard is disingenuous. Robinson is not responsible for damages caused by AKJ's negligence as the Court duly noted when it dismissed Plaintiff's claims based upon vicarious liability. As the jury was charged, there can be more than one proximate cause, but Plaintiff cannot merely substitute AKJ's "proximate cause" for Robinson's.

[2] Closing Jury Instructions, p. 8.

went on to cause *this* particular accident at this particular time and place. No such link was ever made by evidence offered in either the plaintiff's or defendant's case.

Here, Plaintiff's proof of proximate cause fails because he has not established what the *actual cause* of the subject crash was, and thus cannot prove that such a cause was reasonably foreseeable to Robinson. Indeed, neither Trooper Clarke, nor the two eyewitnesses (Canady and Poole), were able to state what caused AKJ's truck to veer off the road—they could describe what they saw, and Trooper Clarke was able to discuss what appeared from his investigation to have happened during the crash, but none of them had any idea what caused the truck to leave the road in the first place. The witnesses were also able to state that they saw no tire blowouts or obvious mechanical problems prior to the crash—only some speeding, swerving, and "shimmying." Notably, nothing from the so-called Robinson "problem log" suggested anything about prior incidents of speeding, swerving or the like.

What limited evidence there was is simply not enough to prove proximate cause, because it neither eliminates other possible causes—for which Robinson might not be liable—nor can Plaintiff prove, without more facts, that the crash was caused by something that Robinson was or reasonably should have been aware. *See Harrison*, *supra*, 814 F.Supp. at 464 (Plaintiff must show a "probability" as opposed to a "possibility", and must eliminate alternative possibilities where—as here—the defendant would not be liable under one or more of them.); *see also Weddle v. Draper*, 204 Va. 319, 322 (1963) ("[T]he

4

plaintiff who alleges negligence [must] show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover."). Thus, the mere fact that the Court has granted summary judgment to Plaintiff on the fact that AKJ's negligence caused the subject crash does not end the inquiry. As noted above, showing that AKJ was a proximate cause of the accident is no substitute for establishing that Robinson's negligence was a proximate cause of the accident. Because Plaintiff submitted no evidence as to what caused the accident, it cannot reasonably be concluded that some defect or trait which Robinson was negligent in not discovering was the cause. Reaching such a conclusion in the absence of any evidence of causation required the jury to engage in inappropriate speculation and conjecture, and its verdict must therefore be set aside as a matter of law.[3]

### B. Objections to the Court's Jury Charge

Robinson hereby re-asserts and re-incorporates its prior objections and arguments regarding the issues of whether a legal duty exists, and whether the Court's jury charge is an accurate statement of Virginia law as it relates to the tort of negligent hiring of an independent contractor.

The court is familiar with Robinson's arguments in this regard and will not go to great lengths here to re-argue them. Suffice it to say that Robinson's position has been -- and remains -- that the state of the law of negligent hiring of

---

[3] The trial record contains absolutely no evidence regarding the actual cause of this accident, and many potential causes, such as Ms. Arciszewski's intoxication, a fight between the driver and her boyfriend, a medical emergency, or a mechanical problem not previously experienced by AKJ or its driver, would not be proximately tied to Robinson's alleged negligence. Because the plaintiff was unable to establish that the cause of the accident was one which Robinson knew about, should have known about, (or even **could** have known about!) the evidentiary record simply does not support the jury's verdict.

an independent contractor in the Commonwealth is set forth in *Philip Morris, Inc. v. Emerson*, 235 Va. 380 (1988), and that legal theory is only available in situations where the contractor is involved in hazardous activity or performing a task with an increased risk of harm to others. Because there has been no finding by the court -- or offer of proof from the plaintiff -- that interstate trucking is inherently hazardous or a high risk activity, Robinson had no duty to investigate AKJ's competence as long as it had federal operating authority.

Additionally, as noted by defense counsel in oral objections to the court's issues/liability instruction, the instruction should have suggested to the jury that they could consider (a) what others in the freight brokerage industry were doing at the time regarding investigating independent trucking firms and (b) the "primacy" of the federal government in regulating interstate trucking safety. Although the jury could have inferred their right to rely on evidence of others in the industry, the court was essentially crafting new law in this arena and consideration of industry standards should be an explicit factor in determining what constitutes a reasonable person standard. Affirming the federal government's primacy in regulating motor carrier safety is also important for the jury because it indicates that the private sector's role in trying to determine which carriers are safe is imprecise and very limited.

## II. IN THE ALTERNATIVE, ROBINSON SEEKS A NEW TRIAL.

A new trial should be granted pursuant to Rule 59(a):

> if [the trial judge] is of the opinion that [1] the verdict is against the clear weight of the evidence, or [2] is based upon evidence which is false, or [3]

6

will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.

*Atlas Food Sys. & Servs, Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir.1996) (quoting *Aetna Cas, & Sur. Co. v. Yeatts*, 122 F.2d 350, 352-53 (4th Cir.1941)). Of the three circumstances enumerated above, the justification for granting a new trial in this case is that the verdict was against the clear weight of the evidence – specifically on proximate cause.[4] As noted above, there was no evidence – even viewing it in the light most favorable to the plaintiff – upon which to base a finding of proximate cause. In the absence of such proof, the alternative to a JNOV would be a new trial on the issue of liability.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Robinson asks that the Court grant its motion for JNOV or, in the alternative, for a new trial on the issue of liability.

C.H. ROBINSON WORLDWIDE, INC.,

By counsel,

**/s://Paul C. Kuhnel, Esq.**

---

[4] While Robinson does not feel that the plaintiff made out a sufficient case of negligence, under the court's construction of the law there were likely questions of fact to be resolved by the jury as to whether Robinson could be found negligent.

7

Paul C. Kuhnel (VSB #28151)
Robert Michael Doherty (VSB #43997)
**WOOTENHART PLC**
707 S. Jefferson Street, Suite 300
P. O. Box 12247
Roanoke, VA  24024-2247
(540)343-2451
(540)345-6417 (facsimile)

**Counsel for the Robinson Defendants**

## CERTIFICATE

I hereby certify that I electronically filed the foregoing with John F. Corcoran, Clerk, U. S. District Court, using the CM/ECF system which will send notification of such filing to the following on this **22nd** day of **May, 2008**:

Gary C. Hancock, Esq.
Timothy E. Kirtner, Esq.
Gilmer, Sadler, Ingram, Sutherland & Hutton
65 East Main Street
P. O. Box 878
Pulaski, VA  24301

Byron R. Shankman, Esq.
P. O. Box 1859
Dublin, VA  24084

**Co-Counsel for the Plaintiff**

　　　　　　　　　　　　　　　　　　　　　　**/s://Paul C. Kuhnel, Esq.**

s:\robinson_ch\19765\jnov motion--brief.doc5/22/08pck