CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 7 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WINFORD DALLAS JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:06CV00547 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C.H. ROBINSON WORLDWIDE, INC., | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

This matter is before the court on the defendant's motion for judgment as a matter of law or, alternatively, for a new trial. For the reasons set forth below, the motion will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

This personal injury action arose out of a serious accident involving two tractor-trailers which occurred on the night of September 12, 2004, in Wythe County. The plaintiff, Winford Dallas Jones ("Jones"), was driving a tractor-trailer owned by his employer on I-81 when his vehicle was struck head-on by a tractor-trailer owned by AKJ Enterprises, Inc. ("AKJ") and driven by Kristina Arciszewski ("Arciszewski"), after Arciszewski's vehicle abruptly crossed the median without warning. Arciszewski died at the scene, and Jones suffered serious injuries, including a concussion and multiple fractures in his right arm and left leg.

Jones filed this diversity action on September 11, 2006. Although several other parties were named in the complaint, none of the parties save C.H. Robinson Worldwide, Inc. ("Robinson") were served, and the plaintiff voluntarily dismissed all the defendants save Robinson. The complaint included the following claims: negligence, negligent hiring and supervision, negligent entrustment, violations of the Federal Motor Carrier Act, and violations of

the Federal Motor Carrier Regulations. After Robinson filed a motion to dismiss, the court granted the motion with regard to the plaintiff's claims under the Federal Motor Carrier Act and the Federal Motor Carrier Regulations. The remaining claims (negligence under a theory of respondeat superior, negligent hiring and supervision, and negligent entrustment of an activity) survived the motion.

After the parties conducted extensive discovery, Robinson filed a motion for summary judgment with regard to all of the plaintiff's remaining claims. Jones filed a motion for partial summary judgment with regard to his claims of negligent hiring and supervision and negligent entrustment, assuming that the court determined that AKJ and Arciszewski were independent contractors of Robinson. Jones also requested the court to enter judgment as a matter of law that Arciszewski was negligent in causing the accident. After the parties appeared before the court for a hearing on all of the foregoing motions, the court entered an order: (1) finding that Arciszewski was negligent as a matter of law; (2) denying the plaintiff's motion for partial summary judgment in all other respects; and (3) granting the defendant's motion for summary judgment with regard to the claims for negligence and negligent entrustment, but permitting the claim for negligent hiring of an independent contractor to go forward.

The matter was then tried before a jury on May 5-7, 2008 on the single remaining claim for negligent hiring of an independent contractor. At the close of the plaintiff's evidence, and again before the case was submitted to the jury, Robinson moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The defendant argued, in part, that the tort of negligent hiring of an independent contractor in Virginia should be limited to the hiring of a contractor to perform an ultra-hazardous activity, which would not include the hauling of a load

by a tractor-trailer. Robinson also contended that the plaintiff had failed to establish the necessary causal link between any negligence on the part of Robinson or AKJ and the accident in which the plaintiff was injured. The court denied both motions for judgment as a matter of law. The jury ultimately returned a verdict for the plaintiff. Robinson then filed the instant renewed motion for judgment as a matter of law or, alternatively, for a new trial.

## DISCUSSION

I. **Motion for Judgment as a Matter of Law**

A. **Standard of Review**

Under Federal Rule of Civil Procedure 50(b), a court may consider a renewed motion for judgment as a matter of law, which may also include an alternative request for a new trial under Rule 59. In ruling on the motion, the court may: (1) allow judgment on the verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b). A motion for judgment as a matter of law under Rule 50(b) "follows the same standard as a Rule 56 motion for summary judgment." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644 (4th Cir. 2002). Therefore, the court must view the evidence in the light most favorable to the nonmovant and "draw all reasonable inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility." Id. at 645. See also Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 151 (2000) (holding that "although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.") (internal citations omitted).

3

The court should grant judgment as a matter of law only if a jury could not reasonably find in favor of the nonmoving party. Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998).

**B.     Evidence of Proximate Cause**

It is true that the court has expressed some concern, both before and during the trial, regarding the relative paucity of the evidence to support causation in this case. However, in light of the jury's finding, the court must now consider the evidence presented at trial in the light most favorable to the plaintiff. When considered in that light, the court believes that the evidence was sufficient to support a finding that AKJ's hiring and assignment of an incompetent driver to haul the subject load was a proximate cause of the plaintiff's injuries.

Robinson has admitted that Jones presented sufficient evidence to the jury to demonstrate that Robinson was negligent "in some way" with regard to its duty of inquiry into the qualifications of AKJ prior to hiring it to haul the subject load and that AKJ likewise was negligent in hauling the load. (Robinson's Br. 2-3). In arguing that it is entitled to judgment as a matter of law, however, Robinson contends that the plaintiff failed to establish the required proximate causal link between this negligence and the cause of the accident that resulted in Jones' injuries. As previously stated, the court disagrees.

The plaintiff was required to show that Robinson was on notice, or could have learned through reasonable inquiry, of a negligent propensity on the part of AKJ and a causal connection between that propensity and the crash. It is true that, in order to succeed on a claim for negligence in this context, a plaintiff must show "why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover." Weddle v. Draper, 204 Va. 319, 322 (1963). Nevertheless, a plaintiff need not "establish negligence as the proximate cause

4

with such certainty as to exclude every other possible conclusion." Northern Virginia Power Co. v. Bailey, 194 Va. 464, 471 (1952). Therefore, the jury verdict for the plaintiff may be upheld if he has adduced evidence sufficient for a reasonable jury to conclude with probable certainty that Robinson's negligence was a proximate cause of the subject crash.

Taking the evidence presented at trial in the light most favorable to the plaintiff, the court concludes that Jones has demonstrated that AKJ had a propensity to hire incompetent, unsafe drivers and not to properly check the credentials and backgrounds of its drivers. Taking the evidence presented at trial in the light most favorable to the plaintiff, the court also concludes that Robinson could have become aware of this propensity through a variety of public sources of information which were available at the time it hired AKJ to haul the subject load, including the following: (1) AKJ's Driver SEA score of 97.8 (grossly deficient scores for two years); (2) roadside inspection reports from 2004; (3) study data on the website of the Federal Motor Carrier Safety Administration ("FMCSA") indicating that carriers with Driver SEA scores greater than 75 were 63% more likely to be involved in a collision than other carriers; (4) problem logs from Robinson's internal Express system showing various AKJ drivers operating in violation of federal safety regulations; (5) AKJ's "conditional" safety rating; (6) May 2003 and July 2003 compliance reviews by the FMCSA which included citations for failure to maintain employment applications, driving records, and employment records in the drivers' files.

Given AKJ's propensity to hire unsafe, incompetent drivers, and the fact that Robinson knew or should have known of this propensity, the relevant question then became whether AKJ did, in fact, hire and assign an unsafe, incompetent driver for the subject load and whether that driver's incompetence was a proximate cause of the crash. The court is constrained to conclude

5

that the evidence presented at trial, when considered in the light most favorable to Jones, was sufficient for a reasonable jury to find in favor of the plaintiff. The evidence presented demonstrated that Arciszewski was a newly minted tractor-trailer driver, having obtained her commercial driver's license only one month prior to the accident, and that the commercial driver's license of Charles Morris, Arciszewski's co-driver on this particular haul, was revoked at the time of the accident. There is no dispute that AKJ had, in fact, failed to check the backgrounds of either Arciszewski or Morris prior to assigning them to haul the subject load. Witnesses testified that the subject load had been designated as "hot," which indicated that its delivery was time sensitive. The evidence proves that AKJ was late in dispatching Arciszewski and Morris to pick up the load, and that it was necessary to haul the load over a significant distance from North Carolina to Massachusetts.

The Virginia State Police Crash Team Report gave the following explanation of the cause of the collision: "It appears that the main causative factor of the crash was error or inattention of the driver of Vehicle # 1 [Arciszewski]. . . . It is believed this person was a new driver for the company and inexperience might have also been a contributing factor." Eyewitnesses also testified to erratic driving behavior on the part of Arciszewski shortly before the crash. Susan Cannedy testified that, shortly before the collision, she had observed the AKJ tractor-trailer pull off the highway to make an exit, ascend part of the way up the incline of the exit ramp, and then suddenly re-enter the highway going down a small incline. Cannedy also testified that she had thought the AKJ vehicle might tip over and that several other vehicles had to move out of the way as the AKJ tractor-trailer swerved back onto the highway. Witness Richard Peele testified that he observed the AKJ vehicle pass his vehicle at a speed of approximately 70 miles per hour,

do a "wiggle," and then cross over the median into the opposing lane of traffic, striking Jones' tractor-trailer. Given this evidence regarding Arciszewski's lack of driving experience and the circumstances surrounding the crash, the jury could have reasonably concluded that Arciszewski was an incompetent, unsafe driver improperly assigned to a time-sensitive load.

Furthermore, there was no evidence to support any other possible cause of the accident. Although the court agrees that the evidence supporting the notion that Arciszewski's incompetence was the cause of the crash is circumstantial, such circumstantial evidence is entitled to as much weight as direct evidence would be in the jury's consideration of the facts of the case. See Etherton v. Doe, 268 Va. 209, 212-13 (2004) (holding that "it is axiomatic that any fact that can be proven by direct evidence may be proved by circumstantial evidence").

Therefore, given that a reasonable jury could have found that AKJ had a propensity to hire incompetent, unsafe drivers, and to fail to document checks into the background of its drivers, that Robinson knew or should have known of this propensity from the information available to it at the time it hired AKJ to haul the subject load, and that AKJ did, in fact, assign an unsafe, incompetent driver to the subject load, the court concludes that the evidence was sufficient for the jury to find that Robinson's negligence was a proximate cause of the accident which resulted in the plaintiff's injuries. As a result, the defendant's motion for judgment as a matter of law based upon an alleged failure of proof on the element of causation will be denied.

**C.     Objections to the Jury Charge Regarding Negligent Hiring of an Independent Contractor**

Robinson next contends, as it did on summary judgment and in its previous Rule 50 motions, that it had no duty to investigate AKJ's competence beyond ascertaining that it

7

possessed valid federal operating authority, because the theory of negligent hiring of an independent contractor applies only where the contractor is involved in hazardous activity or performing a task with an increased risk of harm to others. The court has previously found that a defendant may be liable in Virginia for his failure to exercise reasonable care in the selection of a competent and careful independent contractor to do any work which will involve a risk of physical harm unless it is skillfully and carefully done. See Philip Morris v. Emerson, 235 Va. 380, 399 (1988); Restatement (Second) of Torts § 411. The court notes that the defendant's motion fails to raise any new issues for the court's consideration regarding the applicability of a claim for negligent hiring of an independent contractor to the facts of this case. Therefore, for the reasons previously set forth in its June 10, 2008 Memorandum Opinion, and after careful consideration of the parties' arguments on this topic, the court declines to depart from its prior holding. Defendant's motion for judgment as a matter of law on this ground will be denied.

Robinson also argues that the jury instructions should have directed the jury to consider (1) what others in the freight brokerage industry were doing regarding the investigation of carriers, and (2) the "primacy" of the federal government in regulating interstate trucking safety. As the plaintiff notes, however, neither party introduced any significant evidence at trial with regard to what others in the industry were doing when selecting carriers outside of vague, non-specific comments by defendant's expert and representatives. Furthermore, the court believes that the instructions, as given, fairly instructed the jury on the relevant legal principles in light of the evidence before the jury. See S. Atl. Ltd. P'ship of Tenn. v. Riese, 284 F.3d 518, 530 (4th Cir. 2002) ("Instructions are adequate if 'construed as a whole, and in light of the whole record, [they] adequately [inform] the jury of the controlling legal principles without misleading or

confusing the jury to the prejudice of the objecting party.'") (quoting Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1987)). Therefore, for all of the foregoing reasons, the defendant's motion for judgment as a matter of law will be denied.

## II. Motion for a New Trial

A court may grant a party's motion for a new trial under Federal Rule of Civil Procedure 59(a) if (1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998). When considering a motion for a new trial, the court is permitted to "weigh the evidence and consider the credibility of witnesses." Id.

In this case, Robinson contends that it is entitled to a new trial, as an alternative to judgment as a matter of law, because the verdict was against the clear weight of the evidence on the issue of proximate cause. The court declines to exercise its discretion to disturb the jury's verdict and order a new trial in this case. Although, as previously stated, the court is constrained to agree that the plaintiff's evidence supporting the element of proximate cause was not overwhelming, it was nevertheless sufficient to support the jury's verdict. While it is possible to speculate as to other causes for the accident, the evidence adduced at trial, as indicated above, does support the notion that Arciszewski, the individual hired by AKJ to haul the subject load, was both inexperienced and incompetent and that her lack of competence as a driver was a significant contributing factor to the accident without which the head-on collision with the plaintiff's tractor-trailer would not have ensued. As previously stated, the evidence also supports a finding that AKJ had a propensity to hire incompetent drivers and that Robinson could have

9

discovered this propensity through a reasonable inquiry. Therefore, the court finds that the jury's verdict was not against the clear weight of the evidence on the element of proximate cause, and the defendant's motion for a new trial will be denied.

## CONCLUSION

For the foregoing reasons, the defendant's motion for judgment as a matter of law or, alternatively, for a new trial will be denied.

The Clerk of Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER:   This 7th day of July, 2008.

*/s/ Glen Conrad*
United States District Judge